(141 P.3d 1175)
No. 94,227

DAVID L. UPCHURCH, *Appellant*, v. State of Kansas, *Appellee*.

Opinion filed September 1, 2006.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Kristi L. Barton*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before Rulon, C.J., Green and Greene, JJ.

Rulon, C.J.: Movant David L. Upchurch appeals from the summary dismissal of his motion filed pursuant to 60-1507. We affirm in part, reverse in part, and remand with directions.

## Underlying Facts

In Sedgwick County Case No. 95CR1859, movant was convicted of one count of aggravated burglary, two counts of aggravated robbery, and two counts of aggravated kidnapping. The aggravated robbery and aggravated kidnapping charges were based on crimes against Jessica Green and Daron Green. Movant was sentenced to 408 months' imprisonment on each of the aggravated kidnapping convictions, 184 months' imprisonment on each of the aggravated robbery convictions, and 34 months' imprisonment on the aggravated burglary conviction. The sentence for aggravated burglary was ordered to run consecutive to movant's other sentences, but the remaining sentences were ordered to run concurrently for a controlling sentence of 442 months' incarceration. These sentences were ordered to run consecutive to a sentence imposed in a 1995 case.

Movant filed a direct appeal from his convictions, but this court affirmed all of his convictions and sentences. *State v. Upchurch*, Case No. 77,101, unpublished opinion filed February 13, 1998, *rev. denied* 264 Kan. 824 (1998).

In January 1999, movant filed a pro se motion claiming he was denied effective assistance of counsel, which was denied by the district court. Movant appealed this denial to this court, which affirmed the district court's ruling. *Upchurch v. State*, Case No. 84,059, unpublished opinion filed December 22, 2000, *rev. denied* 271 Kan. 1042 (2001).

Movant then filed a petition for writ of habeas corpus in federal court under 28 U.S.C. § 2254 (2000) claiming, in part, there was insufficient evidence to support his convictions for aggravated kidnapping as a matter of law. The United States District Court held movant was denied effective assistance of appellate counsel because counsel failed to challenge the sufficiency of the evidence to support either aggravated kidnapping charge on appeal. The

United States District Court reversed both aggravated kidnapping convictions and ordered movant's sentences be modified accordingly.

The State appealed the United States District Court's order reversing the aggravated kidnapping conviction of Jessica Green, but did not appeal from the reversal of the conviction relating to the alleged kidnapping of Daron Green. See *Upchurch v. Bruce*, 333 F.3d 1158, 1162 n.2 (10th Cir. 2003). The United States Court of Appeals for the Tenth Circuit concluded that whether movant's actions towards Jessica Green constituted kidnapping under Kansas law was unclear and an appellate claim of insufficient evidence "would not have been plainly meritorious." 333 F.3d at 1166. The Tenth Circuit concluded movant's appellate counsel's performance was not objectively unreasonable, and the Kansas Court of Appeals' conclusion that counsel was effective was not an unreasonable application of the constitutional standards regarding effective assistance of counsel. Accordingly, the Tenth Circuit court reversed the United States District Court's ruling and held movant was not entitled to habeas relief on the conviction of aggravated kidnapping of Jessica Green. 333 F.3d at 1167-68.

Following the Tenth Circuit decision, there was no remedial action in either state or federal court to effectuate the United States District Court's unchallenged reversal of the aggravated kidnapping charge related to Daron Green.

In October 2004, movant filed another 60-1507 motion, again claiming both his aggravated kidnapping convictions were not supported by sufficient evidence. The State filed a written response detailing the tortured history of this case and asserted movant was not entitled to relief.

In February 2005, the Kansas district court denied movant's action, finding an evidentiary hearing was not required. The court found movant's action was not filed within the 1-year statute of limitations in K.S.A. 60-1507(f) and there had been no showing of manifest injustice. The court further found the motion was a successive motion and constituted an abuse of remedy.

## Aggravated Kidnapping of Daron Green

On appeal, movant challenges the district court's summary dismissal of his motion challenging his aggravated kidnapping convic-

tion relating to Daron Green. Movant argues he was entitled to relief because the conviction had been set aside by the United States District Court in a federal habeas proceeding, and the State never appealed from that order.

The State contends this issue was not presented to the district court. Although the State concedes the United States District Court's mandate had not been fulfilled, the State asserts this court lacks jurisdiction to order the State to comply with the federal mandate.

Our standard of review when the district court fails to appoint counsel and summarily dismisses a K.S.A. 60-1507 motion is abuse of discretion. The district court has discretion to ascertain whether the claim is substantial before granting an evidentiary hearing and ordering the prisoner's presence at the hearing. *Gaudina v. State*, 278 Kan. 103, 107, 92 P.3d 574 (2004).

Even if an exact issue was not adequately raised in the district court, there are exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal. One of those exceptions arises if the newly asserted issue involves only a question of law arising on proved or admitted facts and is finally determinative of the case. Another exception occurs when consideration of the theory is necessary to serve the ends of justice. *State v. Schroeder*, 279 Kan. 104, 116, 105 P.3d 1237 (2005). With respect to the Daron Green conviction, these exceptions justify consideration of this issue.

The district court found movant's action was time-barred and an improper successive motion. However, the 1-year statute of limitations does not apply when the petitioner establishes manifest injustice. K.S.A. 60-1507(f)(2).

Under the factual circumstances presented here, the failure of the State to comply with the United States District Court's ruling, as well as movant's previous counsel's failure to ensure the ruling was fulfilled, rises to the level of manifest injustice.

Unless exceptional circumstances are shown, the sentencing court may properly dismiss a second or successive motion filed under K.S.A. 60-1507 on the ground such motion constitutes an abuse of remedy. *Brooks v. State*, 25 Kan. App. 2d 466, 467, 966

P.2d 686 (1998). Exceptional circumstances are unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding. *Woodberry v. State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004).

Here, intervening events occurred between movant's previous 60-1507 motion and the present motion, namely, the United States District Court's reversal of one of movant's convictions. The United States District Court's order certainly constitutes an unusual event or intervening change that warrants a second 60-1507 motion, especially in light of the State's failure to comply with the federal court's ruling.

Based on the record before this court, the district court abused its discretion in finding movant was entitled to *no* relief. Had the district court adequately reviewed the record and the copies of the federal court rulings contained therein, the district court should have found movant was entitled to relief with respect to his aggravated kidnapping conviction of Daron Green.

The State cites no authority for the assertion this court cannot order the State to comply with the federal court ruling and resentence movant. Movant's conviction of the aggravated kidnapping of Daron Green was determined invalid by the federal district court and this ruling was not challenged by the State.

"In res judicata, the first judgment is conclusive when four conditions concur: (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made. [Citation omitted.]" *O'Keefe v. Merrill Lynch & Co.*, 32 Kan. App. 2d 474, 480, 84 P.3d 613, *rev. denied* 278 Kan. 846 (2004).

Under the doctrine of res judicata, the State is bound by the federal court's determination that movant's original appellate counsel was ineffective and the aggravated kidnapping conviction pertaining to Daron Green was invalid.

For these reasons, the district court erred in denying relief to movant with respect to the Daron Green conviction.

## Aggravated Kidnapping of Jessica Green

Movant appeals from the district court's summary denial of his motion challenging his conviction of the aggravated kidnapping of

Jessica Green. Movant contends there was insufficient evidence to support this conviction and the district court erred in applying the doctrine of res judicata because counsel failed to raise this issue on direct appeal.

There is no dispute movant generally attacked the sufficiency of the evidence (based on credibility of the witnesses) in his direct appeal. Moreover, there is no dispute movant challenged the sufficiency of evidence to support his conviction of the aggravated kidnapping of Jessica Green in both his prior state 60-1507 petition and in his federal habeas petition. In both cases, the Kansas appellate courts ultimately concluded movant waived his right to challenge the sufficiency of the evidence and his counsel was not ineffective for failing to raise such a challenge.

"[W]here an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived." *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). Moreover,

"[u]nder the doctrine of res judicata, a final judgment by a court of competent jurisdiction on the merits of an action is conclusive, not only on all matters which were actually litigated, but also on all matters which could have been litigated by the parties or their privies in that action. [Citation omitted.]" *O'Keefe*, 32 Kan. App. 2d at 479.

Here, movant's challenge has been raised and rejected both in his direct appeal and his prior 60-1507 motion. Unlike movant's challenge to the Daron Green kidnapping, there are no exceptional circumstances warranting consideration of a successive motion and no manifest injustice allowing an untimely 60-1507. Consequently, the district court did not err in denying movant relief on the aggravated kidnapping conviction of Jessica Green.

We affirm in part, reverse in part, and remand with directions to vacate the aggravated kidnapping conviction pertaining to Daron Green and for resentencing.