(176 P.3d 972)
No. 96,625

RICKEY ALAN CRANFORD, *Appellant*, v. STATE OF KANSAS, *Appellee.*

Opinion filed February 15, 2008.

*Michael J. Bartee*, of Michael J. Bartee, P.A., of Olathe, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Phill Kline*, district attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before CAPLINGER, P.J., MALONE, J. and LARSON, S.J.

CAPLINGER, J.: Rickey A. Cranford appeals the dismissal of his K.S.A. 60-1507 motion. Because substantial competent evidence supports the district court's determination that the motion is barred as both successive and untimely, we affirm the dismissal.

Cranford was charged in Johnson County District Court with rape and two counts of sexual exploitation of a child. The alleged victims were his two daughters, A.C. and An.C. Pursuant to plea negotiations, the State amended the rape charge to attempted aggravated indecent liberties with a child and dismissed the remaining two counts of sexual exploitation of a child. In exchange, Cranford pled no contest to attempted aggravated indecent liberties with A.C.

Prior to sentencing, Cranford filed a motion for a dispositional/ durational departure. At the sentencing hearing, Cranford testified in support of the motion, stating that he was currently employed and had been proactive in seeking rehabilitation through his participation in the Johnson County Mental Health Sex Offender Program. Cranford acknowledged that he was sexually abused as a child and that this may have contributed to his behavior. Cranford further testified that he knew what he had done was wrong and expressed sorrow for his actions. On cross-examination, Cranford admitted to molesting A.C.

The district court sentenced Cranford to 122 months' imprisonment with a postrelease supervision period of 24 months.

On March 12, 2003, Cranford filed a pro se motion under K.S.A. 60-1507, alleging a violation of his rights to a preliminary hearing and speedy trial. Cranford also claimed ineffective assistance of counsel based on trial counsel's alleged failure to advise Cranford of his right to a preliminary hearing and speedy trial. The district court denied the motion on March 25, 2003. Cranford did not pursue an appeal of this decision beyond filing a notice of appeal.

In January 2005, Cranford filed a second K.S.A. 60-1507 motion based upon newly discovered evidence. Specifically, Cranford asserted in the memorandum in support of the motion that in October 2004, A.C. contacted Cranford's new attorney and recanted her previous allegations that Cranford sexually abused her. Cranford also asserted his trial counsel was ineffective because he failed to interview A.C. prior to trial although Cranford's family had made arrangements for counsel to do so.

The State moved to dismiss Cranford's 60-1507 motion as successive and untimely pursuant to K.S.A. 60-1507(c) and K.S.A. 60-

1507(f), respectively. The State also argued Cranford's allegations of newly discovered evidence and ineffective assistance of counsel failed on the merits because Cranford admitted under oath at his sentencing hearing that he had molested A.C.

Following a nonevidentiary hearing, the district court granted the State's motion to dismiss. The court concluded that neither manifest injustice nor exceptional circumstances permitted Cranford's out-of-time and successive 60-1507 motion because Cranford pled no contest to attempted aggravated indecent liberties with a child and testified at the sentencing hearing that he had molested A.C.

In this appeal of the district court's dismissal of Cranford's 60-1507 motion, Cranford argues he alleged exceptional circumstances justifying his successive motion and the district court erred in denying his 60-1507 motion without a hearing. Specifically, Cranford asserts that after he filed his first 60-1507 motion, A.C. allegedly recanted her allegation that Cranford sexually abused her.

"When reviewing the district court's decision on a K.S.A. 60-1507 motion after the district court conducts a preliminary hearing, an appellate court applies a findings of fact and conclusions of law standard of review to determine whether the findings are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law." *Bellamy v. State*, 285 Kan. 345, Syl. ¶ 4, 172 P.3d 10 (2007). "Substantial competent evidence is 'evidence . . . which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. [Citation omitted.]' " *Ludlow v. State*, 37 Kan. App. 2d 676, 687, 157 P.3d 631 (2007). The district court's resolution of the issues based on the evidence are conclusions of law and are reviewed using a de novo standard. See *Bellamy*, 285 Kan. 345, Syl. ¶ 4.

The district court found Cranford failed to overcome two hurdles with respect to maintaining this 60-1507 motion, *i.e.*, his motion was both successive and untimely. Both of these findings are supported by substantial competent evidence.

Absent exceptional circumstances, a sentencing court is not required to entertain a second or successive motion for similar relief

on behalf of the same prisoner. K.S.A. 60-1507(c); Supreme Court Rule 183(d) (2007 Kan. Ct. R. Annot. 243); *Upchurch v. State,* 36 Kan. App. 2d 488, 491, 141 P.3d 1175, *rev. denied* 282 Kan. 797 (2006). "Exceptional circumstances are unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding. [Citation omitted.]" 36 Kan. App. 2d at 492.

K.S.A. 60-1507(f)(1) requires that a K.S.A. 60-1507 action be brought within 1 year of the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction. This 1-year time limitation "may be extended by the court only to prevent manifest injustice." K.S.A. 60-1507(f)(2). "Although 'manifest injustice' has not been defined in the context of 60-1507(f)(2), this court has interpreted the phrase in other contexts to mean 'obviously unfair' or 'shocking to the conscience.' *State v. Cramer,* 17 Kan. App. 2d 623, 635, 841 P.2d 1111 (1992), *rev. denied* 252 Kan. 1093 (1993); *State v. Turley,* 17 Kan. App. 2d 484, Syl. ¶ 2, 840 P.2d 529, *rev. denied* 252 Kan. 1094 (1992)." *Ludlow,* 37 Kan. App. 2d at 686.

Regarding Cranford's allegation that his trial counsel was ineffective for failing to interview A.C. before entering into plea negotiations with the State, Cranford has not alleged any unusual events or intervening changes in the law which prevented him from making this claim in his first motion. Nor has he suggested that the failure to consider this allegation will result in manifest injustice. Thus, this allegation is both successive and time barred, and the district court did not err in granting the State's motion to dismiss this allegation.

Cranford's motion is also based upon A.C.'s alleged recantation of her earlier testimony regarding Cranford's sexual abuse. Cranford argues this is an "unusual event" which took place after Cranford filed his first K.S.A. 60-1507 motion thus permitting his successive motion. See *Upchurch,* 36 Kan. App. 2d at 492. However, the State points out that even if A.C.'s recantation qualifies as an unusual event, Cranford fails to establish that it would be manifestly unjust to dismiss his motion as time barred.

Here, Cranford pled no contest to attempted aggravated indecent liberties with a child in order to receive the benefits of a plea bargain. "[W]hen an offender enters a plea of nolo contendere," he or she "admits to all of the well-pleaded facts of the information for purposes of the case." *Farris v. McKune*, 259 Kan. 181, 194, 911 P.2d 177 (1996). Even more significant, Cranford testified at his sentencing hearing and admitted that he did indeed molest A.C.

Thus, although Cranford asserts A.C. recanted her accusation of sexual abuse, he has not attacked the validity of his no contest plea. As the district court aptly noted:

"It cannot be manifestly unjust for someone to remain in jail serving a sentence for a crime that they have admitted and for which at the time there was evidence to support that claim. There is no statement that is even made under oath as we sit here today by the defendant disclaiming the sworn testimony that he gave at the time of sentencing."

The district court did not err in finding K.S.A. 60-1507(f) precludes Cranford's claim.

Affirmed.

MALONE, J., concurring: I concur with the result reached by the majority that the district court did not err in dismissing Rickey Alan Cranford's K.S.A. 60-1507 motion. Cranford's claim of ineffective assistance of counsel was both successive and untimely. As for the claim of newly discovered evidence, even if A.C. recanted her previous allegations of sexual abuse, this does not affect the validity of Cranford's no contest plea.

I write separately only to question our standard of review of the district court's decision. The majority states that we apply a findings of fact and conclusions of law standard of review to determine whether the district court's findings were supported by substantial competent evidence and whether those findings were sufficient to support its conclusions of law. Cranford did not receive an evidentiary hearing in the district court. The district court conducted a preliminary hearing to determine whether the issues in Cranford's motion were substantial enough to warrant an evidentiary hearing. However, the district court only considered statements of counsel, and no evidence was presented at the preliminary hearing. How

are we to determine whether the district court's findings were supported by substantial competent evidence when there was no evidence presented in the district court for us to review?

A brief recitation of the history of the standard of review exercised by Kansas appellate courts in K.S.A. 60-1507 cases is in order. For many years, the standard of review when the district court summarily denied a K.S.A. 60-1507 motion was abuse of discretion. See, *e.g.*, Supreme Court Rule 183(h) (2007 Kan. Ct. R. Annot. 243); *Gilkey v. State*, 31 Kan. App. 2d 77, 78, 60 P.3d 351, *rev. denied* 275 Kan. 963 (2003). This standard of review was sometimes questioned because when the district court's decision was based solely upon the motion, files, and records in the case, movants argued that the appellate court was in the same position as the district court, justifying a de novo standard of review. The confusion reached the point that in *Laymon v. State*, 280 Kan. 430, 437, 122 P.3d 326 (2005), the Kansas Supreme Court acknowledged that appellate courts "routinely engage in de novo review of summary denials of 60-1507 motions while giving lip service to the abuse of discretion standard. [Citation omitted.]"

Finally, the Kansas Supreme Court attempted to settle the standard of review issue in *Bellamy v. State*, 285 Kan. 345, 172 P.3d 10 (2007). In *Bellamy*, the court recognized that K.S.A. 60-1507 motions can be handled in the district court in one of three ways. First, the district court may summarily deny the motion without any type of hearing based on a review of the motion, files, and records of the case. Second, the district court may hold a preliminary hearing after appointment of counsel to determine whether the issues in the motion are substantial enough to warrant an evidentiary hearing. Third, the district court may determine from the motion itself that a substantial issue is presented, requiring a full evidentiary hearing with the presence of the movant. *Bellamy*, 285 Kan. 345, Syl. ¶ 1.

The *Bellamy* court determined that the appropriate standard of review for the summary dismissal of a K.S.A. 60-1507 motion is de novo. 285 Kan. 345, Syl. ¶ 3. When the district court conducts a preliminary hearing, the appellate court applies a findings of fact and conclusions of law standard of review to determine whether

the findings were supported by substantial competent evidence and whether those findings were sufficient to support its conclusions of law. The district court's ultimate legal conclusion regarding whether the movant has established a claim for relief is reviewed as a conclusion of law using a de novo standard. 285 Kan. 345, Syl. ¶ 4. The standard of review is the same when the district court conducts a full evidentiary hearing. 285 Kan. 345, Syl. ¶ 5.

The only problem with *Bellamy's* analysis is that when the district court conducts a preliminary hearing on a K.S.A. 60-1507 motion, this is usually a nonevidentiary hearing. Most of the time, the district court hears statements of counsel and reviews the court files and records to determine if a full evidentiary hearing with the presence of the movant is warranted. This is what happened in Cranford's case. When the district court conducts a *nonevidentiary* hearing, how can the appellate court determine whether the district court's findings were supported by substantial competent *evidence*? Statements of counsel are not evidence. The district court is not in a position to make any "findings of fact" at a nonevidentiary hearing except to recite what is already contained in the motion, files, and records of the case. In this event, the appellate court is in the same position as the district court in reviewing the case, and the district court's findings need not be accorded any deference by the appellate court.

If the district court considers evidence at a preliminary hearing on a K.S.A. 60-1507 motion, then the substantial competent evidence standard of review would be appropriate. However, if the district court conducts a nonevidentiary preliminary hearing and hears only statements of counsel, then the appellate standard of review should be de novo, just as if the district court had summarily denied the motion without any hearing at all. There can be no requirement to determine whether the district court's findings were supported by substantial competent evidence when there was no evidence presented in the district court to be reviewed.