NOT DESIGNATED FOR PUBLICATION

No. 117,300

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BYRON K. JOHNSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed March 2, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Mark A. Dupree Sr.,* district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

LEBEN, J.: Byron Johnson appeals the district court's denial of his motion for habeas corpus relief under K.S.A. 60-1507. Because the district court made only limited factual findings—and a Kansas Supreme Court Rule requires the district court to state factual findings and legal conclusions on all the issues raised—he asks us to send the case back to the district court for it to do a more thorough job. See Kansas Supreme Court Rule 183(j) (2018 Kan. S. Ct. R. 223).

But even if the district court had done that work, we would still have to review the record and make an independent judgment about whether Johnson's claims require an evidentiary hearing (which the district court denied). See *Burden v. State*, No. 114,738, 2016 WL 7324420, at *2 (Kan. App. 2016) (unpublished opinion). Johnson's motion for habeas relief is so conclusory and lacking in factual specificity that an evidentiary hearing wasn't required, and we therefore conclude that the district court properly dismissed his claims without an evidentiary hearing. We will therefore affirm the district court's judgment rather than sending the case back for further findings.

With that overview, let's briefly review how the case got to us on this appeal. A jury convicted Johnson of one count of rape and four counts of indecent liberties with a child for crimes against his stepdaughter. Our court affirmed Johnson's convictions and sentences in his initial direct appeal in the underlying criminal case. *State v. Johnson*, No. 107,524, 2013 WL 2321167 (Kan. App. 2013) (unpublished opinion).

Johnson then filed this habeas claim. He set out nine separate claims, all in single sentences. Except for noting the attorneys who had represented him and the assistant district attorney who prosecuted the case, he listed no witnesses who might support his claims.

As an example, he claimed his trial attorney had provided inadequate trial preparation: "Trial counsel was ineffective in representing the Petitioner in that he failed to properly investigate the case, hire experts in child psychology, child interview techniques, and forensic examination for children." In response to a question about supporting facts and witnesses on the form for a habeas motion, Johnson cited the records "associated with" his criminal case, the (apparently anticipated) testimony of his trial attorney, and "the testimonies of all experts to be subpoenaed to appear at evidentiary hearing." Other than naming his trial attorney, Johnson didn't identify any other witnesses who might address these issues.

Johnson's other allegations were similarly conclusory—for example, that the prosecutor made "improper statements meant to inflame the passions of the jurors" without identifying the statements. In another allegation, Johnson said that his trial counsel was ineffective for "fail[ing] to present evidence in his possession which would have impeached" the victim but did not identify what that evidence was. Overall, Johnson's nine allegations fit into three categories: (1) that his trial and appellate attorneys were ineffective for failing to investigate his case thoroughly, hire expert witnesses, and raise some issues; (2) that the prosecutor injected error into his trial; and (3) that the district court erred in failing to properly sequester a witness.

When the district court dismisses a habeas claim without having an evidentiary hearing, we independently review the motion and case file to determine whether they conclusively show that the movant is not entitled to relief. *Mundy v. State*, 307 Kan. ___, 408 P.3d 965, 982 (2018). To obtain an evidentiary hearing, the motion must allege facts that, if true, would entitle the movant to relief. *State v. Holmes*, 278 Kan. 603, 629, 102 P.3d 406 (2004). Mere conclusions are not enough—the movant must allege facts that warrant a hearing and the factual basis for the hearing must be either in the motion or elsewhere in the court record. *Mundy*, 408 P.3d at 982.

That's where Johnson's motion fails. His allegations are conclusory, and neither in the motion nor in his appellate brief has he identified support in the case record for any of them. We cannot simply conjure up in our mind expert witnesses who might testify in support of Johnson and imagine testimony they might provide that would support his case. It's Johnson's obligation to provide a factual basis for his habeas motion.

The State also argues that his claims are barred by the legal doctrine called res judicata, which provides that once an issue has been raised and decided in a final judgment, the issue may not be raised a second time. For some of Johnson's claims, the

3

State may well be correct. See *Upchurch v. State*, 36 Kan. App. 2d 488, 493, 141 P.3d 1175, *rev. denied* 282 Kan. 797 (2006). Johnson brought a motion for new trial before he was sentenced, and the district court case heard testimony from Johnson and his trial attorney. The court then found no inadequacy in the attorney's representation and denied the motion for new trial. Thus, whether Johnson's trial attorney provided inadequate representation was previously litigated in his criminal case.

Even so, Johnson's appellate attorney did not raise the issue of the trial attorney's representation in Johnson's direct appeal, and our Supreme Court recently held that issues related to the ineffectiveness of trial counsel are not barred when the issue isn't fully considered in the direct appeal. *Bogguess v. State*, 306 Kan. 574, Syl., 395 P.3d 447 (2017). Johnson also alleges in his habeas motion that his appellate attorney in the direct appeal was ineffective.

We conclude that we need not decide whether res judicata would apply to the claims of ineffective counsel. Even considering in full the claims set out in Johnson's motion, none of them provide sufficient factual allegations to merit an evidentiary hearing.

We therefore affirm the district court's judgment.