NOT DESIGNATED FOR PUBLICATION

No. 118,336

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILL A. WIMBLEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 17, 2018. Affirmed.

*Will A. Wimbley*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., LEBEN, J., and BURGESS, S.J.


PER CURIAM: Will A. Wimbley was convicted of first-degree felony murder and criminal possession of a firearm in 1999. Following his direct appeal, Wimbley filed K.S.A. 60-1507 motions in 2002 and 2008, which were denied. He filed his third K.S.A. 60-1507 motion, the subject of this appeal, in 2017. The district court summarily denied Wimbley's motion because it was untimely, successive, and failed to establish manifest injustice to overcome the time limitations or exceptional circumstances to warrant the consideration of a successive motion. We agree that Wimbley's K.S.A. 60-1507 motion

1

was untimely and successive and he failed to establish manifest injustice or exceptional circumstances permitting its consideration. We affirm.

FACTUAL AND PROCEDURAL HISTORY

In 1999, a jury convicted Wimbley of first-degree felony murder and criminal possession of a firearm following the murder of his ex-girlfriend. Wimbley was sentenced to a hard 40 life sentence for the murder conviction and 17 months' imprisonment for the criminal possession of a firearm conviction. The Kansas Supreme Court affirmed his convictions on direct appeal. *State v. Wimbley*, 271 Kan. 843, 26 P.3d 657 (2001).

In 2002, Wimbley filed his first 60-1507 motion, arguing various evidentiary errors, ineffective assistance of counsel, and prosecutorial misconduct during closing argument. His motion was denied and the Court of Appeals affirmed. *Wimbley v. State*, No. 90,025, 2004 WL 1191449, at *9 (Kan. App. 2004) (unpublished opinion).

In 2008, Wimbley filed his second 60-1507 motion, asserting prosecutorial misconduct during closing argument; various evidentiary issues, including the DNA on the murder weapon; ineffective assistance counsel; and actual innocence. See *Wimbley v. State*, 292 Kan. 796, 275 P.3d 35 (2011). The Kansas Supreme Court found that his motion was successive and untimely and that no exceptional circumstances warranted consideration of the merits of Wimbley's 60-1507 motion. 292 Kan. at 806-12.

On June 27, 2017, Wimbley filed his third 60-1507 motion. In it, he asserted claims of ineffective assistance of trial counsel and counsel that represented him on his first 60-1507 motion, prosecutorial misconduct, and evidentiary issues, including the DNA testing done on the murder weapon. The district court denied Wimbley's motion as successive and untimely. Wimbley appeals.

2

ANALYSIS

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends on which of these options a district court utilizes. 300 Kan. at 881. Here, the district court denied Wimbley's 60-1507 motion without conducting a hearing, so we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish if Wimbley is entitled to relief. See 300 Kan. at 881.

Wimbley contends that the district court erred when it denied his 60-1507 motion for being successive and untimely. However, in his brief on appeal, Wimbley presents arguments relating only to the merits of his 60-1507 motion. In fact, the argument section of his brief *is* his 60-1507 motion. Wimbley does nothing to establish that he met the burden of showing manifest injustice or exceptional circumstances that is necessary to overcome the untimely and successive nature of his motion. Despite his arguments, we agree with the district court. Wimbley's 60-1507 motion is both untimely and successive, and the district court did not err in its denial.

3

First, Wimbley's 60-1507 motion is untimely. Generally, a defendant has one year after a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 60-1507(f)(1). Defendants who had claims preexisting the 2003 statutory amendment had until June 30, 2004, to file a 60-1507 motion. *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008). Wimbley filed his motion long after this deadline. These statutory time limitations may be extended to prevent manifest injustice. K.S.A. 60-1507(f)(2). *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). To determine whether manifest injustice would exist without extension of the statutory time limitations, we are now limited to "determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2017 Supp. 60-1507(f)(2)(A); L. 2016, ch. 58, § 2 (effective July 1, 2016).

Wimbley provides no explanation why his motion is not within the time limitations described in K.S.A. 2017 Supp. 60-1507(f). Because he failed to provide persuasive reasons or circumstances that prevented him from filing his 60-1507 motion within the time limitations, Wimbley failed to meet the first factor. See *Cox v. State*, No. 116,449, 2018 WL 1660452, at *2-3 (Kan. App. 2018) (unpublished opinion). Second, although Wimbley maintains his innocence, he does so unconvincingly. In his motion, Wimbley claims that "no reasonable jury would have found him guilty but not for the constitutional errors that occurred during his trial." Wimbley's convictions were affirmed on direct appeal, his two previous 60-1507 motions provided him no relief, and his guilt is supported by the record. Therefore, despite his claims otherwise, Wimbley has not shown that it was more likely than not that no reasonable juror would have convicted him. Wimbley has not met the burden of showing us that manifest injustice will result without the extension of the time limitation to file his motion.

Second, Wimbley's 60-1507 motion is successive. Kansas courts need not entertain successive motions. K.S.A. 2017 Supp. 60-1507(c). A successive motion is considered only upon a showing of exceptional circumstances justifying consideration.

4

*State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011); *Walker v. State*, 216 Kan. 1, Syl. ¶ 2, 530 P.2d 1235 (1975) (stating that a movant is presumed to have listed all grounds for relief and subsequent motion need not be considered with no circumstances justifying the original failure to list a ground). Exceptional circumstances that will permit review include unusual events or intervening changes in the law that prevented the movant from raising the issue in a previous 60-1507 motion. *Upchurch v. State*, 36 Kan. App. 2d 488, 492, 141 P.3d 1175 (2006).

Wimbley does not argue exceptional circumstances. Wimbley brings claims of prosecutorial misconduct, ineffective assistance of trial counsel, ineffective assistance of direct appeal counsel, and ineffective assistance of his first 60-1507 counsel. Every court from which Wimbley has sought relief has previously denied his claims. Claims that were actually raised or could have been raised in prior 60-1507 motions, as well as successive motions, are barred and may be denied under K.S.A. 2017 Supp. 60-1507(c). The rationale for this rule is the need for finality in the criminal appeal process and to prevent endless piecemeal litigation. *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008); see *Dawson v. State*, No. 115,129, 2017 WL 262027, *3 (Kan. App. 2017) (unpublished opinion), *rev. granted* 307 Kan. 986 (2017). Wimbley does not argue that any unusual events or changes in the law allow him to overcome the successive nature of his current 60-1507 motion. He does not successfully persuade us that exceptional circumstances warrant our consideration.

The district court correctly denied Wimbley relief as his motion was both untimely and successive and failed to establish manifest injustice or exceptional circumstances.

Affirmed.