NOT DESIGNATED FOR PUBLICATION

No. 119,365

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RASMUS RODNEY EDDY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed April 5, 2019.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON, J., and MCANANY, S.J.

PER CURIAM: In April 2010, Rasmus Rodney Eddy was convicted of various sex
crimes against his four-year-old granddaughter. *State v. Eddy*, 299 Kan. 29, 321 P.3d 12
(2014).

Eddy was sentenced to 310 months in prison and 12 months in jail with lifetime
postrelease supervision. The Kansas Supreme Court affirmed his convictions, and the
mandate was issued in April 2014.

A few months later, on October 14, 2014, Eddy filed his first K.S.A. 60-1507
motion in which he claimed (1) the trial court gave erroneous jury instructions, (2) his

1

counsel was ineffective, (3) the prosecutor engaged in misconduct that violated his due process rights and his right to a fair trial, and (4) some of his convictions were multiplicitous. The district court denied relief after a preliminary hearing. On appeal, this court set aside all but one of Eddy's convictions for aggravated criminal sodomy as multiplicitous but otherwise affirmed the trial court. *Eddy v. State*, No. 114,229, 2016 WL 4259994, at *2-4 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1317 (2017).

Meanwhile, in March 2017, Eddy filed a second K.S.A. 60-1507 motion. He claimed that (1) the court erred in sentencing him; (2) his trial counsel was ineffective in failing to call certain witnesses, in failing to show the bad character of the victim's mother and her various misdeeds related to this case, and in failing to hire an expert witness; and (3) his appellate counsel was ineffective for failing to raise on appeal all the issues from his first K.S.A. 60-1507. The trial court summarily dismissed Eddy's second motion. Eddy did not appeal.

On August 15, 2017, Eddy filed his third and current K.S.A. 60-1507 motion. He claimed the trial court erred in failing to give a unanimity instruction. With regard to the one-year time limitation in K.S.A. 60-1507(f) for bringing the motion, Eddy stated: "My first 1507 is still pending in KS Supreme Court on Petition for Review status, so the one year new law time clock is still stopped!"

The district court summarily denied Eddy's motion because (1) the trial court did, in fact, give unanimity instructions to the jury; (2) K.S.A. 60-1507 proceedings may not be used as a substitute for a direct appeal; and (3) a K.S.A. 60-1507 motion must be brought within one year of the final order or the termination of appellate jurisdiction, and that deadline may be extended by the court only to prevent manifest injustice.

Eddy's appeal brings the matter to us.

*Issue on Appeal*

Eddy argues that the district court erred in summarily dismissing his K.S.A. 60-1507 motion as untimely.

In 2014, our Supreme Court decided *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014), in which the court identified three bases for determining whether a movant has demonstrated manifest injustice in order to avoid the one-year deadline for filing a K.S.A. 60-1507 motion. Those bases are as follows:

> "whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence." 299 Kan. at 616.

In response to *Vontress* the Legislature amended K.S.A. 60-1507(f), effective July 1, 2016, to provide:

> "For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2017 Supp. 60-1507(f)(2)(A).

This legislative action effectively eliminated the second *Vontress* factor for determining manifest injustice when a K.S.A. 60-1507 motion is tardy, which is: "(2) the

3

merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration."

Now, in Eddy's case, he argues that the Legislature's August 2016 amendments to K.S.A. 60-1507(f)(2)(A) deprived him of a vested right to argue manifest injustice as a substantial issue of fact or law and, as a result, violated his due process rights. He asks us to remand his case to the district court for consideration of the merits of his motion under the three *Vontress* standards.

*Standard of Review*

Interpretation of a statute is a question of law over which we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). When the district court summarily denies a K.S.A. 60-1507 motion, our review on appeal is de novo in order to determine whether the motion, files, and records of the case conclusively establish that the movant was not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*The Second* Vontress *Factor Does Not Apply in Our Analysis*

Eddy had one year from when his convictions became final to file a K.S.A. 60-1507 motion. K.S.A. 2017 Supp. 50-1607(f)(1). The district court may extend the one-year deadline only to prevent a manifest injustice. K.S.A. 2017 Supp. 60-1507(f)(2). Eddy asks us to apply all three of the *Vontress* factors in deciding whether manifest injustice requires an extension of the one-year deadline.

Eddy argues that the most compelling factor in his case is the second factor—whether the merits of his claim raise substantial issues of law or fact that merit a court's

consideration. This, of course, is inconsistent with the amendment to K.S.A. 60-1507(f) effective July 1, 2016, which eliminates from consideration this factor.

In *White v. State*, 308 Kan. 491, 498-99, 421 P.3d 718 (2018), our Supreme Court held that the 2016 amendments to K.S.A. 60-1507 do not apply retroactively. Thus, courts should apply all three *Vontress* factors to K.S.A. 60-1507 motions filed before July 1, 2016, and apply the more restrictive factors in amended K.S.A. 60-1507(f) only to motions filed after that date. The court in *White* court found that "pre-July 1, 2016, movants had a vested right to argue the *Vontress* test, including the second factor and any other factor that might establish manifest injustice." *White*, 308 Kan. at 502. But here, Eddy filed his motion on August 15, 2017, over a year after the Legislature amended the statute effective July 1, 2016. Thus, the statutory factors in amended K.S.A. 2017 Supp. 60-1507(f)(2)(A) apply to Eddy's motion, not the more expansive *Vontress* factors.

As a response to this analysis, Eddy argues that elimination of the second *Vontress* factor from consideration renders the statutory scheme unconstitutional because it "does indeed eliminate the 'possibility of relief' and that the elimination of remedy violates a prisoner's right to Due Process under the U.S. Constitution."

Movants who filed their K.S.A. 60-1507 motion before July 1, 2016, had a vested right to argue all three *Vontress* factors. But Eddy is not one of those movants. Moreover, the 2016 amendment to K.S.A. 2017 Supp. 60-1507(f)(2)(A) did not eliminate the possibility of relief. Even if a movant's K.S.A. 60-1507 motion is not timely filed, the movant still can show manifest injustice by showing why the motion was filed after the deadline—such as by showing that events or circumstances prevented the movant from filing a timely motion. Likewise, a movant can avoid the deadline by showing a colorable claim of actual innocence that would justify the court considering the untimely motion. The 2016 statutory amendment did not eliminate the possibility of a tardy movant

5

obtaining relief. K.S.A. 2017 Supp. 60-1507(f)(2)(A) does not deprive movants of a vested right.

*The District Court Did Not Err in Summarily Dismissing Eddy's Motion as Untimely*

Eddy was convicted on April 30, 2010. His convictions were affirmed by our Supreme Court, and the mandate was issued on April 15, 2014. The issuance of the mandate began the running of the one-year clock for Eddy to file his K.S.A. 1507 motion. See K.S.A. 2017 Supp. 60-1507(f)(1)(A) ("Any action under this section must be brought within one year of the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction."). Eddy had one year from when his convictions became final to file his K.S.A. 60-1507 motion. K.S.A. 2017 Supp. 60-1507(f). Eddy's motion was not filed until August 2017—well after the statutory deadline.

Also, Eddy's motion was filed over one year after the 2016 statutory amendments to K.S.A. 60-1507(f) went into effect. Thus, the appropriate legal standards for determining manifest injustice to excuse Eddy's late filing are the ones set out in K.S.A. 2017 Supp. 60-1507(f). Under that provision, in considering manifest injustice the court is limited to determining why Eddy failed to file his motion on time or whether Eddy makes a colorable claim of actual innocence. If Eddy cannot satisfy one of these factors, he is procedurally barred from pursuing his motion. See *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

Eddy does not argue that there were events or circumstances that prevented him from filing his motion on time. With regard to the one-year time limitation in K.S.A. 60-1507(f) for bringing his motion, Eddy stated in his motion: "My first 1507 is still pending in KS Supreme Court on Petition for Review status, so the one year new law time clock is still stopped!" This, of course, is incorrect. As noted earlier, under K.S.A.

2017 Supp. 60-1507(f)(1)(A) the clock started to run with "the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." Eddy has shown nothing that prevented him from filing a timely motion. Moreover, he does not assert a colorable claim of actual innocence. Accordingly, his is procedurally barred from pursuing his motion, and the district court did not err in so holding.

Besides, there are many other reasons that bar Eddy's current motion.

First, he claims errors in the trial court's jury instructions. As the district court noted, proceedings under K.S.A. 60-1507 are not a substitute for a direct appeal. Supreme Court Rule 183(c)(3) (2019 Kan. S. Ct. R. 228). The Kansas Supreme Court reviewed the evidence and affirmed his convictions and sentences, and these proceedings should not be used as another appeal.

Second, Eddy's motion is successive. Kansas courts are not required to entertain successive motions. K.S.A. 2017 Supp. 60-1507(c). Claims that were raised or could have been raised in prior K.S.A. 60-1507 motions, as well as successive motions, are barred and may be denied under K.S.A. 2017 Supp. 60-1507(c). Eddy asserts claims that could have been raised in his earlier K.S.A. 60-1507 motions.

Third, a movant must show circumstances justifying the failure to include a newly raised issue in a previous motion in order to avoid dismissal. *Trotter*, 296 Kan. 898, Syl. ¶ 2; *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011); Supreme Court Rule 183(d) (2019 Kan. S. Ct. R. 228). Those circumstances consist of unusual events or intervening changes in the law that prevented the movant from raising the issue in a previous K.S.A. 60-1507 motion. *Upchurch v. State*, 36 Kan. App. 2d 488, 492, 141 P.3d 1175 (2006). The movant has the burden to show exceptional circumstances. *Wimbley v. State*, 292 Kan. 796, 805, 275 P.3d 35 (2011). This is Eddy's third K.S.A. 60-1507

7

motion. He fails to allege any exceptional circumstances that would allow this court to entertain his successive motion. Eddy is not entitled to relief on his motion, and the district court did not err in summarily dismissing it.

Affirmed.