NOT DESIGNATED FOR PUBLICATION

No. 119,037

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RASHEEM A. COLEMAN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed April 12, 2019. Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE and POWELL, JJ.

PER CURIAM: Rasheem A. Coleman appeals the district court's summary denial of his fourth K.S.A. 60-1507 motion. Realizing that his motion is successive and untimely, Coleman argues that the restrictions in K.S.A. 2018 Supp. 60-1507(c) and (f) do not supersede his constitutional right to habeas corpus relief. He also argues that his trial counsel's failure to object to prosecutorial misconduct and prejudicial jury instructions was ineffective assistance of counsel. We affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Coleman of attempted premeditated first-degree murder and two counts of aggravated robbery for his role as an aider and abettor for crimes committed in 2000. Coleman appealed, and this court ordered a new trial after finding that Coleman's statements to police should not have been admitted at trial because they were obtained in violation of his Sixth Amendment rights. *State v. Coleman*, 30 Kan. App. 2d 988, 56 P.3d 290 (2002) (*Coleman I*). The Kansas Supreme Court reversed this court's decision after finding that Coleman was advised of his *Miranda* rights and knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel. *State v. Coleman*, 275 Kan. 796, 69 P.3d 1097 (2003) (*Coleman II*). The Supreme Court summarized the underlying facts of the crime, subsequent investigation, and Coleman's arrest as follows:

"On September 11, 2000, Aaron Douglas and Mario Merrills entered the Gold and Diamond Traders jewelry store in Wichita. Merrills shot the owner of the store in the chest. The men took $450 in cash and various items of jewelry from the store.

"Rasheem Coleman's involvement in these crimes was as an aider and abettor. Coleman knew the store's owner, his security practices, and the store layout. He shared this information in helping to plan the robbery. Coleman and his girlfriend, Tiffany Mayson, drove Douglas and Merrills to the store and waited outside while the robbery took place. Coleman had a walkie talkie with which he could communicate with Douglas and Merrills. Coleman and Mayson picked up Douglas and Merrills after the robbery and disposed of the t-shirts Douglas and Merrills had been wearing. Douglas and Merrills divided the jewelry that had been taken during the robbery, giving some to Coleman.

"Coleman made three statements to police. The day after the robbery, Coleman and Mayson were pulled over because their car matched the description of a car seen at the robbery. Police found jewelry in the car and a business card from Gold and Diamond Traders. Coleman was questioned for 10 to 15 minutes, and Coleman told police he knew the owner of Gold and Diamond Traders but denied any involvement in the robbery. Coleman was not arrested at that time.

"Police contacted Coleman again on September 28, 2000, and he agreed to return to their office for questioning. After being advised of his Miranda rights, Coleman signed

2

a waiver and agreed to talk to police without an attorney present. Coleman told police that, on the day of the robbery, Douglas and Merrills came to his house and he and Mayson gave them a ride to Gold and Diamond Traders. Coleman denied any knowledge of the robbery either before or after he took Douglas and Merrills to the jewelry store.

"The full extent of Coleman's participation was made clear by his October 18, 2000, statement in which he described planning and carrying out the robbery." 275 Kan. at 797-98.

Coleman filed a K.S.A. 60-1507 motion in 2004, arguing that he had received ineffective assistance of counsel. He claimed his trial counsel was ineffective for failing to request a lesser included offense instruction, and he claimed his appellate counsel was ineffective for failing to raise the issue of insufficient evidence on direct appeal. The district court summarily denied his motion, and this court affirmed. *Coleman v. State*, No. 95,307, 2006 WL 2661565, at *1 (Kan. App. 2006) (unpublished opinion) (*Coleman III*).

In 2008, Coleman filed a second K.S.A. 60-1507 motion requesting a new trial based on evidence that he claimed was unavailable or undiscoverable during his trial. After a preliminary hearing, the district court denied the motion, finding that it was untimely, successive, and that no newly discovered evidence supported its consideration. This court affirmed. *Coleman v. State*, No. 102,385, 2010 WL 4668331, at *2-5 (Kan. App. 2010) (unpublished opinion), *rev. denied* 291 Kan. 911 (2011) (*Coleman IV*).

Coleman filed a third K.S.A. 60-1507 motion in 2011, arguing that the jury instructions on premeditation were erroneous and that the prosecutor committed misconduct based on his closing argument about premeditation. The district court summarily denied the motion as untimely and successive. This court agreed, finding that although Coleman may have raised a viable claim about the instructions, he demonstrated no exceptional circumstances or manifest injustice warranting review of his motion. *Coleman v. State*, No. 106,003, 2012 WL 3822699, at *5, 7 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1243 (2013) (*Coleman V*).

3

On June 21, 2017, Coleman filed his current K.S.A. 60-1507 motion. In the motion, Coleman again challenged the jury instructions and the prosecutor's comments about premeditation. He also alleged there was insufficient evidence to support his convictions. The district court summarily denied the motion, noting that Coleman had filed other motions raising similar issues. The district court also stated: "The movant's arguments are conclusory in nature and have no basis in the evidence presented or record of trial. This petition is successive in nature. The present petition is dismissed without further hearing[.]" Coleman timely appealed the district court's judgment.

ANALYSIS

On appeal, Coleman first argues that the restrictions on successive and untimely motions in K.S.A. 2018 Supp. 60-1507 do not supersede his constitutional right to habeas corpus relief. Review of a statute's constitutionality is a question of law subject to unlimited review. *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014).

The statutory provisions that Coleman complains of are K.S.A. 2018 Supp. 60-1507(c) and (f). K.S.A. 2018 Supp. 60-1507(c) provides that a sentencing court need not entertain a second or successive motion for similar relief on behalf of the same prisoner. A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and courts need not consider later motions without a showing of circumstances justifying the original failure to list a ground. *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013); Supreme Court Rule 183(d) (2019 Kan. S. Ct. R. 228) (providing, "[a] sentencing court may not consider a second or successive motion for relief by the same movant when: [1] the ground for relief was determined adversely to the movant on a prior motion; [2] the prior determination was on the merits; and [3] justice would not be served by reaching the merits on the subsequent motion").

4

The other subsection that Coleman complains of provides that a defendant has one year from when a conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2018 Supp. 60-1507(f)(1). Individuals who had claims preexisting the 2003 statutory amendment had until June 30, 2004, to file a K.S.A. 60-1507 motion. *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008). This time limitation may be extended by the district court only when necessary to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). Coleman asserts that these statutory restrictions on successive and untimely motions suspended his constitutional right to seek habeas corpus relief.

This court has previously rejected the same argument Coleman now makes in this appeal, finding that the provisions of K.S.A. 60-1507(c) and (f) are reasonable procedural limitations subject to recognized exceptions. See *Manco v. State*, 51 Kan. App. 2d 733, 738, 740-41, 354 P.3d 551 (2015), *rev. denied* 304 Kan. 1017 (2016); *Taylor v. State*, No. 117,897, 2018 WL 3194355, at *2 (Kan. App. 2018) (unpublished opinion), *rev. denied* 309 Kan. ___ (February 28, 2018). In *Manco*, the defendant argued that the restrictions in K.S.A. 60-1507(c) and (f) unconstitutionally denied his right to seek a writ of habeas corpus. This court rejected that argument and held that the statutory restrictions are not an unconstitutional denial of the right to seek habeas corpus relief; instead, the restrictions are reasonable, legislatively-provided limitations to stop an abuse of remedy. 51 Kan. App. 2d at 741. Recently, the *Taylor* court found *Manco* persuasive, noting that a movant has "a right to due process in the proceedings on [his or her] K.S.A. 60-1507 motion, but that right [is] not unlimited." 2018 WL 3194355, at *2.

Coleman cites *Manco* and admits that courts have found these limitations reasonable and not unconstitutional. Still, Coleman tries to distinguish his case from *Manco*. Coleman claims that unlike the defendant in *Manco*, he presents a viable claim for relief. He also claims that he does not seek relief under K.S.A. 60-1507, "but under the Constitutions of the United States and Kansas."

5

But like the *Manco* court determined, the restrictions provided in K.S.A. 2018 Supp. 60-1507(c) and (f) do not act as a "*suspension* of the writ, just procedural limitations with exceptions." 51 Kan. App. 2d at 738. Here, Coleman neither complied with the procedural requirements for filing a K.S.A. 60-1507 motion nor alleged that any exceptions to the procedural bars applied to him. As a result, we conclude that the limitations in K.S.A. 2018 Supp. 60-1507(c) and (f) did not suspend Coleman's constitutional right to seek habeas corpus relief.

Turning to the merits, Coleman's fourth K.S.A. 60-1507 motion argued that erroneous jury instructions and prosecutorial misconduct during closing argument misled the jury, leading to an improper conviction. He also alleged there was insufficient evidence to support his convictions. The district court summarily denied his motion. When a district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine if the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Coleman is not entitled to relief because his K.S.A. 60-1507 motion is both successive and untimely, and he has shown no exceptional circumstances that warrant its consideration nor has he demonstrated that manifest injustice will occur if the motion is not addressed. Coleman's motion is successive and Kansas courts need not entertain successive motions. K.S.A. 2018 Supp. 60-1507(c). Claims that were raised or could have been raised in prior motions may be denied as successive. The rationale for this rule is the need for finality in the criminal appeal process and to prevent endless piecemeal litigation. *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008).

A movant must show circumstances justifying the failure to include a newly raised issue in a previous motion to avoid dismissal. *Trotter*, 296 Kan. 898, Syl. ¶ 2; Supreme Court Rule 183(d) (2019 Kan. S. Ct. R. 228). Exceptional circumstances that will permit

6

review include unusual events or intervening changes in the law that prevented the movant from raising the issue in a previous K.S.A. 60-1507 motion. *Upchurch v. State*, 36 Kan. App. 2d 488, 492, 141 P.3d 1175 (2006). The movant has the burden of showing exceptional circumstances exist that permit this court's review. *Wimbley v. State*, 292 Kan. 796, 805, 275 P.3d 35 (2011).

This case is Coleman's fourth K.S.A. 60-1507 motion. He alleges no exceptional circumstances that would allow this court to entertain his successive motion. He claims that erroneous jury instructions and prosecutorial misconduct led to an improper conviction, and he alleges there is insufficient evidence to support his convictions. But Coleman has brought these claims before, and each court from which he has sought relief has denied his claims. Coleman does not argue that any unusual events or changes in the law allow him to overcome the successive nature of his current K.S.A. 60-1507 motion.

In *Coleman V*, this court found that Coleman's claimed instructional error, which the court found to be a potentially viable claim, was based on Kansas Supreme Court decisions in *State v. Englehardt*, 280 Kan. 113, 119 P.3d 1148 (2005), and *State v. Overstreet*, 288 Kan. 1, 200 P.3d 427 (2009). *Coleman V*, 2012 WL 3822699, at *3. But as this court noted in that opinion, *Englehardt* was decided before Coleman filed his second K.S.A. 60-1507 motion, and the holding in *Overstreet* did not amount to a change in the law. 2012 WL 3822699, at *5-6. Thus, this court found that Coleman failed to show exceptional circumstances to bring his third K.S.A. 60-1507 motion. 2012 WL 3822699, at *6. If Coleman's third K.S.A. 60-1507 motion was rejected as successive, then his fourth K.S.A. 60-1507 motion can also be rejected as successive without a proper showing of exceptional circumstances.

Coleman's current K.S.A. 60-1507 motion is also untimely. Generally, a defendant has one year after a conviction becomes final to file a motion under K.S.A. 60-1507. K.S.A. 2018 Supp. 60-1507(f)(1). Defendants who had claims preexisting the 2003

7

statutory amendment had until June 30, 2004, to file a K.S.A. 60-1507 motion. *Pabst*, 287 Kan. at 22. This statutory time limitation may be extended to prevent manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). In determining whether manifest injustice exists for motions filed after July 1, 2016, the court should consider only two factors:  (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the motion within the time limitation; and (2) whether the movant sets forth a colorable claim of actual innocence. K.S.A. 2018 Supp. 60-1507(f)(2)(A); *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018).

Coleman filed his current K.S.A. 60-1507 motion well after the deadline. If Coleman's third K.S.A. 60-1507 motion was untimely, then his fourth K.S.A. 60-1507 is untimely, as well. Coleman's current K.S.A. 60-1507 motion failed to assert any claims of manifest injustice to avoid the time limitation, and he makes no new argument on appeal about why the time limitation should be extended to prevent manifest injustice.

To sum up, after conducting a de novo review, Coleman is not entitled to relief because his current K.S.A. 60-1507 is both successive and untimely. Coleman has shown no exceptional circumstances that warrant its consideration nor has he demonstrated that manifest injustice will occur if the motion is not addressed. As a result, we conclude the district court did not err in summarily denying Coleman's motion.

Affirmed.