No. 112,194

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DARRYL W. MANCO,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

1.

Determining a statute's constitutionality is a question of law subject to unlimited review. An appellate court presumes a statute is constitutional and must resolve all doubts in favor of a statute's validity.

2.

Supreme Court Rule 183 (2014 Kan. Ct. R. Annot. 285) provides the rules and procedure that control K.S.A. 60-1507 motions.

3.

K.S.A. 60-1507(c) provides: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Subsection (c) provides a reasonable limitation on the right to seek habeas corpus relief by a prisoner. It does not suspend the right to seek habeas corpus relief. Successive motions for habeas corpus relief under K.S.A. 60-1507(c) and Supreme Court Rule 183(c)(3) (2014 Kan. Ct. R. Annot. 285) are allowed if exceptional circumstances are shown by the prisoner.

1

4.

K.S.A. 60-1507(f) provides: "(1) Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition." It further provides: "(2) The time limitation herein may be extended by the court only to prevent a manifest injustice." Subsection (f) provides a reasonable limitation on the right to seek habeas corpus relief absent a showing of manifest injustice by the prisoner. It does not suspend the right to seek habeas corpus relief.

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed July 10, 2015. Affirmed.

*Barry Albin*, of Council Grove, for appellant.

*Christopher E. Biggs*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellees.

Before SCHROEDER, P.J., GREEN, J., and JOHNSON, S.J.

SCHROEDER, J.: Darryl W. Manco appeals the district court's denial of his third K.S.A. 60-1507 motion as successive and untimely. Manco was convicted over 20 years ago for indecent liberties with a child and aggravated criminal sodomy. On appeal, Manco claims the restrictions on filing successive and untimely 60-1507 motions contained in K.S.A. 60-1507(c) and (f) are unconstitutional denials of the right to seek a writ of habeas corpus. The limitation on filing multiple 60-1507 motions is not an unconstitutional denial of the right to seek habeas corpus relief; but rather, it is a reasonable limitation in order to stop an abuse of remedy. We affirm.

FACTS

Manco filed a 51-page motion for habeas corpus relief under K.S.A. 60-1507. Manco raised various allegations against almost everyone involved in his 1992 jury convictions for indecent liberties with a child and aggravated criminal sodomy. Manco is now serving a controlling term of imprisonment of 15 to 50 years. In support of his habeas corpus motion under K.S.A. 60-1507(a), Manco alleges all trial participants— including the trial judge, court reporters, the prosecutor, the investigating officer, the child victim, the child's mother, the jury, and even defense counsel—conspired or otherwise worked in concert to secure a conviction and deprive an innocent Manco of his constitutional right to a fair trial.

In response, the State moved to dismiss Manco's motion as untimely and successive. Manco's prior appeals are discussed in detail in *Manco v. State*, No. 94,976, 2006 WL 2562851 (Kan. App. 2006) (unpublished opinion) (discussing history of Manco's prior appeals including his direct appeal and his appeals from the denial of his first 60-1507 motion filed in 1999 and his second 60-1507 motion filed in 2004), *rev. denied* 282 Kan. 790 (2006).

Manco claims his current allegations have not been previously considered by the district court and now fit within the exceptions that allow consideration of untimely or successive 60-1507 motions. The district court appointed counsel to represent Manco and scheduled a hearing. At the hearing on the State's motion to dismiss, Manco's court-appointed counsel conceded that Manco's motion was both untimely and successive, but counsel argued the court could reach its merits because the statutory limitations on the filing of successive and/or untimely motions for habeas corpus relief under K.S.A. 60-1507(c) and (f) are unconstitutional. Manco's counsel did not argue or seek findings concerning the allegations in Manco's motion asserting exceptional circumstances or manifest injustice. The district court found K.S.A. 60-1507(c) and (f) constitutional and

3

dismissed Manco's third 60-1507 motion as both untimely and successive. Manco timely appealed.

ANALYSIS

*Do K.S.A. 60-1507(c) and (f) Impose Unconstitutional Limitations on K.S.A. 60-1507 Motions for a Writ of Habeas Corpus?*

In his sole issue on appeal, Manco challenges the constitutionality of the statutory limitations on successive and untimely K.S.A. 60-1507 motions. The State responded that the limits on successive and untimely motions are constitutional and the district court correctly dismissed Manco's "exhaustive and repetitive motion," as it is "essentially a regurgitation of a myriad of issues raised, considered and denied in his direct appeal and his two (2) previous collateral attacks." Manco is now challenging the procedural limits on K.S.A. 60-1507 motions enacted by our legislature. More specifically, Manco makes two arguments: (1) K.S.A. 60-1507(c), which governs successive 60-1507 motions, is unconstitutional as it limits the opportunity to seek habeas corpus relief; and (2) K.S.A. 60-1507(f), which sets filing deadlines for such motions, is unconstitutional as there should be no limit based on the passage of time as to when habeas corpus relief can be sought. His arguments will be considered in turn.

*Our Standard of Review is Unlimited*

When a district court denies a K.S.A. 60-1507 motion based only on the motion, files, and records following a preliminary hearing, the appellate court is in the same position as the district court to consider the motion on its merits. Thus, this court exercises de novo review. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Additionally, "[d]etermining a statute's constitutionality is a question of law subject to unlimited review." *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014).

4

*K.S.A. 60-1507(c) is Constitutional*

K.S.A. 60-1507(c) directs that a sentencing court is not required "to entertain a second or successive motion for similar relief on behalf of the same prisoner." See *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011) (discussing statutory limits on successive 60-1507 motions). Additionally, Kansas Supreme Court Rule 183(d) (2014 Kan. Ct. R. Annot. 286) clarifies:

"(d) A sentencing court may not consider a second or successive motion for relief by the same movant when:
(1) the ground for relief was determined adversely to the movant on a prior motion;
(2) the prior determination was on the merits; and
(3) justice would not be served by reaching the merits of the subsequent motion."

What all of this means is that a 60-1507 motion cannot ordinarily be used as a substitute for a second appeal involving mere trial errors. See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011) (noting "general rule" that defendant must raise all available issues on direct appeal); Supreme Court Rule 183(c)(3) (2014 Kan. Ct. R. Annot. 286) ("Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."). In other words, K.S.A. 60-1507(c) generally bars successive motions raising claims that were raised or *could have been raised* in a prior motion. See *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012), *cert. denied* 134 S. Ct. 114 (2013); *Dunlap v. State*, 221 Kan. 268, 269-70, 559 P.2d 788 (1977).

There are, however, exceptions to the rules governing successive 60-1507 motions. For example, exceptional circumstances can justify consideration of a successive 60-1507 motion. *Kelly*, 291 Kan. at 872. Such exceptional circumstances can

include "unusual events or intervening changes in the law which prevent[ed] a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding." 291 Kan. 868, Syl. ¶ 2; see *Holt v. State*, 290 Kan. 491, 496-97, 232 P.3d 848 (2010) (finding movant failed to demonstrate exceptional circumstances that justified consideration of his fourth 60-1507 motion).

Turning now to Manco's argument, he contends the statutory limitation on successive 60-1507 motions violates constitutional prohibitions on the suspension of habeas corpus except in times of war, rebellion, or insurrection. Manco's argument focuses upon the constitutional protection the writ of habeas corpus has in our country. The Kansas Constitution Bill of Rights, § 8 has also recognized the importance of the writ of habeas corpus and states: "The right to the writ of habeas corpus shall not be suspended, unless the public safety requires it in case of invasion or rebellion."

Our Supreme Court has also discussed the constitutional provisions barring the suspension of the writ of habeas corpus except in limited circumstances:

> "The fundamental importance of habeas corpus was emphasized by the Supreme Court in *Johnson v. Avery*, 393 U.S. 483, 485, 21 L. Ed. 2d 718, 89 S. Ct. 747 (1969) (a prisoner rights case). In *Bowen v. Johnston*, 306 U.S. 19, 26, 83 L. Ed. 455, 59 S. Ct. 442 (1939), the Court said: '[T]here is no higher duty than to maintain [the writ of habeas corpus] unimpaired.'
>
> ". . . '"The writ is not and never has been a static, narrow, formalistic remedy. Its scope has grown to achieve its purpose—the protection of individuals against erosion of the right to be free from wrongful restraints on their liberty."' *In re Habeas Corpus Application of Gilchrist*, 238 Kan. 202, 206, 708 P.2d 977 (1985) (quoting 39 Am. Jur. 2d, Habeas Corpus § 11, p. 185)." *Battrick v. State*, 267 Kan. 389, 392, 985 P.2d 707 (1999).

Manco now argues the statutory limit on successive K.S.A. 60-1507 motions unconstitutionally suspends the writ of habeas corpus. Manco claims it deprives him of his constitutional right to file motions such as his current motion concerning the victim's recantation and his trial counsel's ineffectiveness in switching trial strategies without notice to him. Manco argues the issues now raised have never been considered on the merits and for the district court to be given the ability to summarily disregard the allegations in the motion as being successive under K.S.A. 60-1507(c) violates his constitutional right to habeas corpus relief.

An appellate court must "presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. Further, we must interpret a statute in a manner that renders it constitutional if there is any reasonable construction that will maintain the legislature's apparent intent. [Citation omitted.]" *Soto*, 299 Kan. at 121. Before a statute can be stricken as unconstitutional, it "must clearly violate the constitution." *Battrick*, 267 Kan. at 391.

Manco's constitutional argument is not persuasive. The statutory limits imposed on successive motions are reasonable and, when exceptional circumstances are shown, a district court may reach the merits of a successive K.S.A. 60-1507 motion. *Kelly*, 291 Kan. at 872. Additionally, Supreme Court Rule 183(d)(3) (2014 Kan. Ct. R. Annot. 286) provides that a successive motion may be denied when the ground or grounds for relief have previously been determined on the merits and where "justice would not be served."

The United States Supreme Court addressed statutory limits imposed on habeas corpus relief in *Swain v. Pressley*, 430 U.S. 372, 381, 97 S. Ct. 1224, 51 L. Ed. 2d 411 (1977) (discussing the holding in *United States v. Hayman*, 342 U.S. 205, 223, 72 S. Ct. 263, 96 L. Ed. 232 [1952]), stating: "[W]e hold in this case[ ] that the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."

7

Manco's argument fails as our statutes and Supreme Court Rules provide for judicial review when exceptional circumstances exist to allow a successive 60-1507 motion. Clearly, Kansas law provides the gateway that Manco claims does not exist for the district courts to consider, under the right circumstances, a successive 60-1507 motion. Simply put, there is no *suspension* of the writ, just procedural limitations with exceptions.

Manco perceives he has the right to file a K.S.A. 60-1507 motion whenever he wants for issues he has previously raised that he claims have not been considered on the merits. That is simply not the law. The limitation on filing successive 60-1507 motions is not a denial of the right to file. This court previously explained in the denial of Manco's second 60-1507 motion alleging his trial counsel was ineffective:

> "We have consistently held that successive post-conviction motions alleging ineffective assistance of counsel are an abuse of remedy and should be denied even if based . . . upon distinct allegations of ineffectiveness. *Absent assertion of exceptional circumstances*, all claims of ineffective assistance of trial counsel must be asserted together in order to avoid summary denial as successive, even though a later assertion alleges different or distinct factual bases for the purported ineffectiveness. See, *e.g.*, *Woodberry v. State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727, *rev. denied* 278 Kan. 852 (2004)." (Emphasis added.) *Manco*, 2006 WL 2562851, at *1.

Manco presented a limited argument before the district court, and now on appeal he claims K.S.A. 60-1507(c) and (f) are unconstitutional. Manco failed to present any evidence before the district court to establish exceptional circumstances. Thus, that issue will not be considered by this court. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (noting issues not raised below are generally not properly before appellate court). The limitation on filing successive 60-1507 motions is reasonable and is not an unconstitutional suspension on the right to file for habeas corpus relief.

*Untimely K.S.A. 60-1507 Motions*

Manco also challenges the statutory deadline for the filing of a K.S.A. 60-1507 motion, although seemingly not in a constitutional context. The State responds that our courts have already found that when properly applied, the remedial time limits for seeking a writ of habeas corpus are presumptively constitutional. See *Battrick*, 267 Kan. 389, Syl. (challenge to constitutionality of 30-day time limit for petition for habeas relief under K.S.A. 60-1501); *Hayes v. State*, 34 Kan. App. 2d 157, 159-62, 115 P.3d 162 (2005) (discussing the retroactive application of the 2003 enactment of the 1-year time limit for the filing of a 60-1507 motion discussed below).

At issue here is K.S.A. 60-1507(f), which provides:

"(1) Any action under this section must be brought within one year of:  (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice."

In his brief, Manco acknowledges our legislature "provide[s] an out" by allowing for the extension of the 1-year deadline upon a showing of manifest injustice. However, he claims it is wrong that he is required to establish manifest injustice exists in order to obtain a hearing on the merits of his 60-1507 motion after the 1-year deadline. Specifically, Manco argues:

"No such limitation is placed on any other civil right. One does not have to show that limiting speech is inherently a manifest injustice before one can seek redress for the

9

denial of the freedom of speech. One does not have to show that it would be a manifest injustice to the public not to know what a paper is printing before the paper seeks redress for censorship or refusal on the part of the government to allow it to print. One does not have to show that a manifest injustice would be done if an attorney is denied to an indigent defendant. It is presumed that a manifest injustice is done to the system by the denial of the right. Likewise, the Great Writ cannot be limited by time. There can be no claim of 'res judicata' unless the writ is heard and ruled upon. . . . Many times a prisoner will find an error many years after the last appellate review and he will want to raise that question. It is a manifest injustice not to allow him to do that."

Manco's argument is not persuasive for two reasons. First, Manco fails to cite any supporting authority or explain why his argument is sound despite a lack of supporting authority. See Supreme Court Rule 6.02(a)(5) (2014 Kan. Ct. R. Annot. 40) (mandating that appellant's brief include, "[t]he arguments and authorities relied on"); *State v. McCaslin*, 291 Kan. 697, 709, 245 P.3d 1030 (2011) (issue not briefed is deemed waived or abandoned), *overruled on other grounds by State v. Astorga*, 299 Kan. 395, 324 P.3d 1046 (2014); *McCain Foods USA, Inc. v. Central Processors, Inc.*, 275 Kan. 1, 15, 61 P.3d 68 (2002) ("Simply pressing a point without pertinent authority, or without showing why it is sound despite a lack of supporting authority, is akin to failing to brief an issue.").

Second, Manco's argument is based on the faulty premise that statutory time limits for seeking habeas relief under K.S.A. 60-1507 are akin to barring the constitutional right to free speech of a nonimprisoned citizen. *Cf. Battrick*, 267 Kan. at 391 (noting "[h]abeas corpus is a statutory remedy on both a federal and state basis").

Manco fails to show how manifest injustice would occur by requiring him to establish the merits of his untimely 60-1507 motion past the 1-year statute of limitations. Here, Manco's original conviction occurred in 1992, and his direct appeal was final when the mandate was issued on April 28, 1994. Additionally, Manco has filed two other 60-

1507 motions—one in 1999 and the other in 2004. See *Manco*, 2006 WL 2562851, at *1. The 1-year limitation he now complains about was added to K.S.A. 60-1507 in 2003. Before 2003, there was no time limit in the statute. After the July 1, 2003, amendment, it was determined all prisoners then in custody had a 1-year "grace period" from July 1, 2003, to file their K.S.A. 60-1507 motions. See *Hayes*, 34 Kan. App. 2d at 161. The limitation on Manco's right to file a K.S.A. 60-1507 motion pursuant to subsection (f) long ago ran unless he establishes manifest injustice would occur by the denial of his motion. Here, Manco presented no evidence to the district court for it to consider whether manifest injustice would result if his motion was denied as untimely.

CONCLUSION

Manco's constitutional challenge to the statutory limits on filing K.S.A. 60-1507 motions is not persuasive. The right to file K.S.A. 60-1507 motions is defined by statute, Supreme Court rule, and caselaw. Successive motions can be filed if the movant establishes exceptional circumstance, but Manco failed to present any exceptional circumstances for the district court to consider. Likewise, the 1-year deadline for filing K.S.A. 60-1507 motions can be extended after termination of all appellate review on the direct appeal if the movant shows the denial of the motion would result in manifest injustice under subsection (f)(2). All of these provisions reflect the right to file for habeas corpus relief under K.S.A. 60-1507 if the movant qualifies, but that right is not unlimited. Clearly, the legislature provided movants with the right to file, but it placed reasonable limits on that right to avoid the abuse of remedy.

Affirmed.

11