NOT DESIGNATED FOR PUBLICATION

No. 117,897

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUSTIN C. TAYLOR,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed June 29, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Barry K. Disney*, senior deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MCANANY and BRUNS, JJ.

PER CURIAM: Justin C. Taylor was charged in two consolidated cases with second-degree murder and rape. The State amended the charges and Taylor pled nolo contendere to voluntary manslaughter and rape. In May 2012, the district court sentenced him to consecutive prison sentences of 155 months and 59 months. Taylor did not pursue a direct appeal.

In June 2014 Taylor moved for relief under K.S.A. 60-1507, claiming that (1) his counsel was ineffective, (2) his sentence was illegal, and (3) his counsel took advantage of him. In support of his ineffective assistance of counsel claim, he claimed that his counsel knew that Taylor had a mental disorder but did not consult with an expert about

1

it. He also claimed his counsel failed to provide him with the information relating to the defense of insanity. The district court denied relief, finding that Taylor failed to provide any evidence to support his claims and failed to present any evidence of manifest injustice to excuse the late filing of his motion. Apparently this ruling was not appealed.

In June 2016, Taylor filed the instant motion. He again sought relief under K.S.A. 60-1507, claiming (1) his trial counsel was ineffective in failing to consult an expert about Taylor's mental deficiencies and (2) the district violated his due process rights by failing to order sua sponte a mental competency evaluation.

In August 2016, Taylor asked the district court not to find that this second motion under K.S.A. 60-1507 was successive because (1) he was asserting a new ground for relief, (2) his prior motion was not decided on the merits, and (3) justice would be served by reaching the merits of his second motion under K.S.A. 60-1507.

In November 2016, the district court summarily denied relief, finding that (1) Taylor failed to prove the manifest injustice necessary to extend the one-year time limitation in K.S.A. 60-1507(f)(1); (2) the motion was successive and thus barred by K.S.A. 60-1507(c); and (3) Taylor failed to assert a colorable claim of innocence as required by K.S.A. 2016 Supp. 60-1507(f)(2)(A).

Taylor appeals. On appeal he concedes that his motion was untimely and successive. He states in his appellate brief: "His present motion pursuant to K.S.A. 60-1507 was untimely filed and his claims are not substantially different than in his first K.S.A. 60-1507 motion, making it successive." But he claims we should remand the case for an evidentiary hearing on the issue of his mental competency to stand trial because failure to provide a hearing would violate his constitutional right to due process. He relies on *Fischer v. State*, 296 Kan. 808, Syl. ¶ 4, 295 P.3d 560 (2013), for the proposition that

a hearing must be held to address substantial issues of fact even when the motion under K.S.A. 60-1507 is procedurally barred.

When relief on a K.S.A. 60-1507 motion was summarily denied, our review is de novo to determine whether the motions, files, and records of the case conclusively establish that the movant was not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Matters of statutory and constitutional interpretation are issues of law which we review de novo. *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014); *State v. Holt*, 298 Kan. 469, 474, 313 P.3d 826 (2013).

Taylor concedes that his motion was procedurally barred because it was untimely under K.S.A. 60-1507(f) and successive under K.S.A. 60-1507(c) and Kansas Supreme Court Rule 183(d) (2018 Kan. S. Ct. R. 223), so we need not address those issues. The only issue is the effect of *Fischer* on these proceedings.

*Fischer* does not save Taylor's motion. In *Fischer*, the court held that the movant must be given the opportunity to be present at the hearing on the K.S.A. 60-1507 motion when the district court determines that there is a substantial issue of fact. The court did not hold that a hearing is necessary, only that the prisoner must be present *if* the district court grants a hearing on the motion. 296 Kan. at 824. In fact, the court recognized that one of the district court's options when faced with a motion under K.S.A. 60-1507 is to deny the motion summarily if the motion, files, and case records conclusively show that the prisoner is not entitled to relief. 296 Kan. at 822.

In *Manco v. State*, 51 Kan. App. 2d 733, 741, 354 P.3d 551 (2015), the court held that the prohibitions against untimely and successive K.S.A. 60-1507 motions do not violate the movant's right of habeas corpus relief. The court reasoned that the Legislature provided reasonable exceptions to the limitations placed on the ability to file a motion

under K.S.A. 60-1507 and, therefore, the movant's constitutional rights are not violated. 51 Kan. App. 2d at 741.

*Manco* is persuasive. Taylor's due process right was not violated when the district court declined to hold a hearing on the issue of whether he was competent to stand trial. Taylor had a right to due process in the proceedings on his K.S.A. 60-1507 motion, but that right was not unlimited. Taylor did not comply with the reasonable procedural requirements for making a claim under K.S.A. 60-1507 and failed to properly allege why any of the exceptions to the procedural bars applied to him. Thus, the district court was not required to hold a hearing on the matter.

The district court did not err in summarily denying relief on Taylor's second, successive, and untimely K.S.A. 60-1507 motion.

Affirmed.