NOT DESIGNATED FOR PUBLICATION

No. 118,955

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALAN W. KINGSLEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed February 8, 2019.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before STANDRIDGE, P.J., PIERRON and GREEN, JJ.

PER CURIAM: Alan W. Kingsley appeals the summary denial of his K.S.A. 60-
1507 motion.

FACTS

In 1991, Kingsley was convicted of first-degree murder, aggravated robbery,
aggravated arson, and forgery. Kingsley was convicted of murdering his landlady. Due to
the nature of his crimes, he received a mandatory 40-year sentence. The Kansas Supreme

Court reversed Kingsley's conviction for aggravated arson but affirmed the balance of his convictions. Kingsley filed an unsuccessful K.S.A. 60-1507 motion in 2002.

In September 2017, Kingsley filed the K.S.A. 60-1507 motion which is the subject of this appeal. Kingsley raises numerous points of error and asks the court to overlook the untimeliness and successive nature of the motion because he is actually innocent and it would be manifestly unjust to deny him relief.

The district court summarily denied Kingsley's motion. In so doing, the court rejected Kingsley's claim of actual innocence and determined that there were no exceptional circumstances justifying a successive motion. Kingsley filed a timely notice of appeal to this court.

ANALYSIS

On appeal, Kingsley contends that he established both a factual and a legal basis for relief, warranting an evidentiary hearing on his K.S.A. 60-1507 motion. Kingsley points to his disordered mental state and his limited access to the law library as justifications for allowing an untimely, successive motion. He also believes that his colorable claim of actual innocence means that it would be manifestly unjust to refuse to reach the merits of his motion.

When, as here, the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*Successive*

In a K.S.A. 60-1507 case, the district court is not required to entertain a successive motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground. 296 Kan. 898, Syl. ¶ 2.

The circumstances which justify a successive K.S.A. 60-1507 motion must be exceptional. Examples include unusual events or intervening changes in the law which prevented a movant from reasonably being able to raise all of the trial errors in the first proceeding. *Manco v. State*, 51 Kan. App. 2d 733, 736-37, 354 P.3d 551 (2015).

In order to evaluate whether Kingsley proved exceptional circumstances warranting a successive motion, we consider two factors. First, we examine the motion to determine whether the issues could have been raised in a prior proceeding. And second, we evaluate the reasons given to justify filing a second motion and decide whether they rise to the level of exceptional circumstances.

Kingsley's claims for habeas relief center on his allegation that his wife, Sherri, was the actual killer and that trial counsel was ineffective for failing to prove it. Kingsley admitted that he went to the victim's apartment to rob her but claimed that Sherri was the murderer. This theory was raised in Kingsley's direct appeal and discussed in the opinion from the Kansas Supreme Court. See *State v. Kingsley*, 252 Kan. 761, 764, 851 P.2d 370 (1993). The Kansas Supreme Court specifically addressed several issues that are raised in Kingsley's current K.S.A. 60-1507 motion, including: (1) his belief that the State should have appointed special counsel for him; (2) his claim that Sherri's parents bribed defense counsel to keep certain witnesses from testifying; and (3) his claim that the State should

3

have administered a polygraph examination and sodium pentothal to prove his innocence. 252 Kan. at 765-67. To the extent that these specific arguments already have been addressed, the law of the case doctrine prevents us from considering them again. See *State v. West*, 46 Kan. App. 2d 732, 735-36, 281 P.3d 529 (2011).

Some of the issues raised in this K.S.A. 60-1507 motion do not appear to have been addressed in Kingsley's direct appeal. Examples of issues that appear to be raised for the first time are Kingsley's claims that trial counsel was ineffective for failing to prove that the murderer was left handed like Sherri and for failing to elicit testimony that the victim never sat in her loveseat. Unfortunately, it is impossible to tell whether these exact claims were raised in Kingsley's first K.S.A. 60-1507 motion, as counsel did not add a copy of that motion to the record on appeal for this case. The party claiming error must designate facts in the record to support that claim. In the absence of a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013).

Nevertheless, we do know that many of the grounds for relief raised in Kingsley's current K.S.A. 60-1507 motion were either directly or tangentially raised in prior proceedings. This weighs in favor of the district court's summary denial of Kingsley's K.S.A. 60-1507 motion. But again, we also must look at whether Kingsley's motion alleges facts which, if true, rise to the level of exceptional circumstances that excuse any failure to raise them before now.

Kingsley relies on two primary justifications for failing to include all of his claims in his first K.S.A. 60-1507 motion. First, he claims to have suffered from mental health issues, which were only improved with an inpatient stay and medication. Second, he claims he had limited access to the law library and a bad jailhouse lawyer, which kept him from drafting a thorough motion.

4

Neither of these excuses appear to rise to the level of exceptional circumstances. Kingsley admits that his mental health improved by 2002, which corresponds to when he filed his first K.S.A. 60-1507 motion. And even if the prison library system is less than ideal, it does not appear that Kingsley has ever lacked access to the courts. His first K.S.A. 60-1507 motion was 41 pages long and included, among other things, 5 pages of mathematical equations. See *Kingsley v. State*, No. 90,133, 2004 WL 719260, at *2 (Kan. App. 2004) (unpublished opinion). Finally, the record on appeal shows that Kingsley filed numerous postconviction pleadings in the years since his convictions, raising many of the same issues.

Much of the ground Kingsley wants to cover in this K.S.A. 60-1507 motion has already been plowed. To the extent that it has not, we find Kingsley has failed to prove the exceptional circumstances necessary to justify filing a successive motion. The district court addressed this fact in its journal entry denying Kingsley's motion, and we affirm the district court's findings on Kingsley's entitlement to successive relief.

*Manifest injustice*

Kingsley acknowledges that this motion was untimely and that he can proceed only if he can prove that a manifest injustice will result if the merits of his motion are not heard. In keeping with the requirements of the newest version of K.S.A. 2017 Supp. 60-1507(f), Kingsley claims that he is actually innocent of his crimes of conviction.

K.S.A. 2017 Supp. 60-1507(f)(2) establishes what is required to establish manifest injustice. A district court's inquiry is limited to "determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2017 Supp. 60-1507(f)(2)(A). The statute goes on to define "actual innocence" as requiring the prisoner to "show it is more likely

5

than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2017 Supp. 60-1507(f)(2)(A).

The relatively recent changes to K.S.A. 60-1507 were analyzed by the Kansas Supreme Court in *Beauclair v. State*, 308 Kan. 284, 419 P.3d 1180 (2018). The court clarified that a district court need not accept a movant's conclusory contentions as fact and can instead require an evidentiary basis in support of claims. In other words, a movant's bare allegation of actual innocence is not a "gateway to consideration of the motion's merits." 308 Kan. at 302.

Kingsley complies with statutory requirements by contending that he is actually innocent of the crimes of which he was convicted and that, but for trial counsel's ineffectiveness, he would have been acquitted. Kingsley also claims that his mental health issues and lack of access to the law library contributed to the tardiness of this K.S.A. 60-1507 motion. These factors are more properly addressed when evaluating his claims of exceptional circumstances and are considered above.

Kingsley's claims of manifest injustice in the form of actual innocence focus on two areas. First, he claims that trial counsel was ineffective for failing to question the coroner during trial as to whether the stab wounds to the victim were done with the right or left hand. Kingsley believes this testimony would have "clearly exonerated" him by showing that his wife was the actual killer. Kingsley notes that the police inquired about this, but he indicates that Sherri lied about being right handed.

Although Kingsley believes this alleged error proves his actual innocence, we find this alleged error fails to rise to the level necessary to warrant an evidentiary hearing. Kingsley does not provide any evidence to support his belief that evidence about the handedness of the killer would have produced a different verdict. He merely claims that Sherri was lying. This makes this case factually different from *Beauclair*, where the

6

defendant produced both correspondence and an affidavit. See 308 Kan. at 303. And it is undisputed that Kingsley consistently has claimed from the beginning that Sherri was the real culprit, a fact considered and rejected by the Kansas Supreme Court during his direct appeal. See *Kingsley*, 252 Kan. at 764. The jury had the opportunity to believe Kingsley's claims about Sherri and chose not to believe them.

Kingsley's second claim of manifest injustice in the form of actual innocence is based on trial counsel's alleged failure to cross-examine a witness who testified that the victim would not have been sitting in her living room. Kingsley argues this alleged error proves his actual innocence because the witness' testimony about the victim's habits was at odds with the testimony of a police officer who said that he saw the victim sitting in her living room at 11 p.m. Again, Kingsley offers no proof of his allegations, and *Beauclair* seems to make it clear that bare allegations, without support, are not enough to prove actual innocence. Moreover, as Kingsley himself notes, the jury heard the niece's testimony that her aunt never sat in the living room. Once the evidence was introduced it was up to the jury to weigh its importance and determine the relative credibility of the witnesses. See *State v. Brooks*, 297 Kan. 945, 951, 305 P.3d 634 (2013).

Neither of Kingsley's claims of actual innocence appear to warrant an evidentiary hearing. The Kansas appellate courts already have considered Kingsley's claims of innocence and have found them wanting. It seems unlikely that a jury would have returned a different verdict had trial counsel performed exactly as Kingsley wished. For these reasons, we affirm the district court's summary denial of Kingsley's K.S.A. 60-1507 motion.

Affirmed.