NOT DESIGNATED FOR PUBLICATION

No. 126,148

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GERALD E. GONZALES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed April 26, 2024. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and WARNER, JJ.

PER CURIAM: Gerald Gonzales appeals the district court's dismissal of his K.S.A. 60-1507 motion as untimely and successive. He asserts that the district court erred in finding the motion was submitted out of the time frame permitted by Kansas law. We affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

In 2007, a jury found Gonzales guilty of aggravated indecent liberties with a child under 14 years old, aggravated indecent liberties with a child over 14 but under 16 years

old, rape, and violating of a protective order. Gonzales' convictions stemmed from his sexual assault of two young girls who were living with him at the time.

Before Gonzales was sentenced for these crimes, he filed a pro se motion for a new trial. This motion asserted that his trial attorney had provided constitutionally deficient representation in various ways. The district court appointed Gonzales a new attorney and held an evidentiary hearing on these claims but eventually denied his motion.

Gonzales was initially sentenced to life imprisonment without the possibility of parole for 25 years. He appealed to the Kansas Supreme Court, and the court affirmed his convictions but vacated his sentence and remanded his case to the district court for resentencing for reasons unrelated to the present case. *State v. Gonzales*, 289 Kan. 351, 354, 212 P.3d 215 (2009). The court also reviewed Gonzales' ineffective-assistance-of-counsel claims in his pro se motion for a new trial and found that he had not shown that his trial attorney acted unreasonably. 289 Kan. at 356-65. On remand, the district court resentenced Gonzales to 312 months' imprisonment. Our Supreme Court affirmed Gonzales' new sentence in 2011. *State v. Gonzales*, No. 104,373, 2011 WL 3558302 (Kan. 2011) (unpublished opinion).

The following year, Gonzales filed a pro se K.S.A. 60-1507 motion, once again claiming that his trial attorney was ineffective. He also asserted that the district court wrongly treated his pro se motion for a new trial as a K.S.A. 60-1507 motion. The district court declined to reach the merits of this motion, finding it was successive to his earlier motion challenging his attorney's representation. Gonzales appealed, and this court affirmed the district court's decision. *Gonzales v. State*, No. 109,157, 2014 WL 3289775 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1009 (2015).

2

In 2022, Gonzales filed yet another K.S.A. 60-1507 motion—the motion that is the subject of this appeal. Gonzales claimed that consideration of his most recent motion was warranted because he presented a colorable claim of actual innocence based on newly discovered evidence.

In particular, Gonzales pointed to two pages of a transcript detailing his attorney's closing argument at trial and two pages from a law enforcement officer's December 21, 2006, incident report. Gonzales claimed that the incident report identified two medical examinations of one of the victims that reached conflicting conclusions as to whether the victim's hymen had been ruptured or remained intact. He believed the incident report could have been used at trial to attack the credibility of a detective and a police officer and that it could have been discussed when cross-examining the nurse who believed that the hymen remained intact. This nurse testified at his trial.

The district court summarily dismissed Gonzales' latest K.S.A. 60-1507 motion as untimely. The court found that, contrary to Gonzales' assertion, he presented no *new* evidence that would justify consideration of his otherwise procedurally barred motion. The court also found that the motion was successive to the claims he had previously raised. Gonzales appeals.

DISCUSSION

Our legislature provides incarcerated people with a right to seek habeas corpus relief through K.S.A. 60-1507, but it places certain limitations on the filing of these motions to avoid abuse of that remedy. *Manco v. State*, 51 Kan. App. 2d 733, 741, 354 P.3d 551 (2015), *rev. denied* 304 Kan. 1017 (2016). For example, Kansas law requires a person to file a K.S.A. 60-1507 motion within one year after the conclusion of their direct appeal. K.S.A. 2023 Supp. 60-1507(f)(1)(A). A court may only consider a K.S.A. 60-

1507 motion filed outside the one-year period if the movant shows that consideration is necessary "to prevent a manifest injustice." K.S.A. 2023 Supp. 60-1507(f)(2).

This exception is a narrow one. K.S.A. 2023 Supp. 60-1507(f)(2)(A) limits the scope of "manifest injustice" to two considerations—whether the movant has explained why they "failed to file the motion within the one-year time limitation" and whether the person "makes a colorable claim of actual innocence." If the movant has not shown that dismissal will result in manifest injustice under either of these considerations, the court must dismiss the untimely motion. K.S.A. 2023 Supp. 60-1507(f)(3).

And even when a motion is not barred by K.S.A. 2023 Supp. 60-1507(f), Kansas law does not require courts to consider "second or successive motion[s] for similar relief" filed by the same movant. K.S.A. 2023 Supp. 60-1507(c). The direction of these two provisions, considered together, is clear: A person seeking relief under K.S.A. 60-1507 must bring all possible claims to the district court's attention in one motion, filed as soon as possible after a person has been convicted.

The district court found that Gonzales' current motion was both untimely and successive. Because we are in the same position as the district court to determine whether summary dismissal was appropriate, our review is unlimited. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

Gonzales acknowledges that his current K.S.A. 60-1507 motion was not filed within the time frame required by Kansas law. He filed that motion in April 2022—over a decade after the decision affirming his convictions on direct appeal. This is well outside the one-year time limitation provided in K.S.A. 2023 Supp. 60-1507(f). Thus, Gonzales has the burden to show that consideration of his untimely motion is warranted to avoid manifest injustice under one of the two avenues the legislature has recognized. See *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). That is, he must provide a compelling

4

explanation for his delay in filing the motion, or he must present a colorable claim of actual innocence based on new evidence. K.S.A. 2023 Supp. 60-1507(f)(2)(A).

Gonzales has provided no explanation for the delay in filing his most recent K.S.A. 60-1507 motion. Instead, he asserts that consideration of his motion is warranted because he has presented a colorable claim of actual innocence. As we discuss, this argument is not compelling.

For an innocence claim to warrant extending the filing deadline for a K.S.A. 60-1507 motion, a movant must show that "it is more likely than not that no reasonable juror would have convicted the prisoner *in light of new evidence*." (Emphasis added.) K.S.A. 2023 Supp. 60-1507(f)(2)(A). While the nature of the evidence that may give rise to such a claim varies, at a minimum the statute contemplates the presentation of evidence that was not argued or known by the defendant at trial. *Beauclair v. State*, 308 Kan. 284, 299, 419 P.3d 1180 (2018).

A review of the materials Gonzales submitted with his latest motion demonstrates why this standard was not met here. As we have indicated, the "new" evidence Gonzales presented included an excerpt from the transcript of his attorney's closing argument at trial and an excerpt from an officer's 2006 incident report. The two pages of a transcript covering his attorney's closing argument at trial are not new and are not truly evidence— they are merely a record of what occurred at his jury trial.

The pages from the incident report are also not "new evidence" within the meaning of K.S.A. 2023 Supp. 60-1507(f)(2)(A). Gonzales claims this report was not turned over to him by the State and that he later discovered it at an unknown date. But as the State notes, the authoring officer testified about the incident report and the information in it at trial, and Gonzales' trial attorney referenced the incident report during closing argument. We also note that Gonzales attached one of the same pages of the incident report to a

motion he filed with the district court in 2015. These pages are not "new" and thus do not allow Gonzales to overcome the procedural deficit of his out-of-time K.S.A. 60-1507 motion.

In short, Gonzales has not presented any newly discovered evidence that would warrant consideration of his untimely K.S.A. 60-1507 motion or offered any other explanation for why that motion may be reviewed. We thus affirm the district court's dismissal of that motion under K.S.A. 2023 Supp. 60-1507(f)(3). Because we affirm the district court's dismissal of Gonzales' motion as untimely, we need not discuss whether that motion was also successive (given his two previous filings).

The district court did not err when it summarily dismissed Gonzales' K.S.A. 60-1507 motion.

Affirmed.