NOT DESIGNATED FOR PUBLICATION

No. 126,402

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY LAMONT TAYLOR SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Submitted without oral argument. Opinion filed November 1, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Anthony L. Taylor*, appellant pro se.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, P.J., HILL and COBLE, JJ.

PER CURIAM: Anthony Taylor appeals the district court's summary denial of his request for postconviction relief. The district court found that Taylor's motion was untimely, as it was filed almost a decade after his direct appeal concluded and Taylor had not offered a reason to excuse this delay. The court also found that Taylor's motion was successive, in that it raised a similar, speculative challenge to a K.S.A. 60-1507 motion brought several years ago regarding DNA evidence. After carefully reviewing the record and the parties' arguments, we agree that Taylor has not overcome these procedural shortcomings. We thus affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

Taylor was convicted of two counts of indecent liberties with a child in 2010. We need not discuss the facts leading to Taylor's convictions at length here, as they have been laid out in previous decisions by this court. See *Taylor v. State*, No. 118,540, 2019 WL 638282 (Kan. App. 2019) (unpublished opinion); *State v. Taylor*, No. 106,869, 2013 WL 2917813 (Kan. App.) (unpublished opinion), *rev. denied* 298 Kan. 1208 (2013). Highly summarized, M.O., who was 13 years old, alleged that Taylor—a bus driver at an after-school program—had inappropriately touched her over a four-day period and sexually assaulted her on the final day.

At the trial, M.O. testified that Taylor had lifted her shirt and bra and licked her breast. She also described how they kissed and how Taylor touched her breasts and vagina with his hands and penis. The clothing M.O. wore during the four-day period in question was collected as part of a sexual-assault examination and sent to a lab for DNA testing. An initial examination at the lab found saliva stains on M.O.'s bra, which DNA testing revealed included a mixture of M.O. and Taylor's DNA. The State called a DNA analyst as an expert witness at trial to explain how the DNA in the saliva was found to belong to Taylor. Taylor did not dispute that his saliva was found in M.O.'s bra, but he contended that there was an innocent explanation for its presence.

After hearing all the evidence at trial, a jury found Taylor guilty of two counts of aggravated indecent liberties with a child but not guilty of rape. The district court sentenced Taylor to a controlling hard 25 life sentence, and this court affirmed Taylor's convictions and sentence on direct appeal. *Taylor*, 2013 WL 2917813.

Since the conclusion of his direct appeal, Taylor has filed several motions with the district court, two of which are relevant to our current discussion.

Shortly after his direct appeal concluded, Taylor filed a K.S.A. 60-1507 habeas-corpus action, alleging ineffective assistance of counsel. Among the many claims raised there, Taylor argued that his trial attorney had provided deficient performance because the attorney had not called a DNA expert to testify at trial to refute the State's expert. The district court held an evidentiary hearing on Taylor's motion and ultimately denied it. Most notably, the court ruled that Taylor had not explained what additional evidence a DNA expert would have provided or how that testimony would have affected the outcome of his trial. Taylor appealed this decision, and we affirmed the district court's ruling. *Taylor*, 2019 WL 638282, at *4-5.

In 2023, Taylor filed the request that is the subject of this appeal. Taylor titled this motion, which he filed pro se, a "Petition of Actual Innocence." He argued that his constitutional rights had not been protected at trial or on appeal because he was not provided with an expert to discuss the DNA evidence. Taylor's motion referenced a 2013 article from Forensic Science International, *Addressing the Transfer of DNA: How far can it go?* He claimed that the article referenced ways DNA could be transferred and would support the explanation he provided at trial for why his saliva was found in M.O.'s bra: that M.O. used Taylor's water bottle to wash a boy's spit off her face. Taylor did not identify any expert who would explain DNA transfer or opine that such a transfer occurred here. Instead, Taylor merely attached two pages from the 2013 article—the abstract and a portion of the introduction.

The district court construed Taylor's motion as a request for postconviction relief under K.S.A. 60-1507. It then denied the motion without an evidentiary hearing, finding that it was untimely and successive because it raised, in essence, the same DNA evidence issues litigated in Taylor's first K.S.A. 60-1507 motion. Taylor appeals this ruling.

DISCUSSION

K.S.A. 60-1507 provides an avenue for people who have been convicted of crimes to collaterally challenge their convictions and sentences. The statute also places certain limitations on the filing of these motions to avoid abuse of that remedy. *Manco v. State*, 51 Kan. App. 2d 733, 741, 354 P.3d 551 (2015), *rev. denied* 304 Kan. 1017 (2016).

For example, Kansas law requires a person to file a K.S.A. 60-1507 motion within one year after the conclusion of their direct appeal. K.S.A. 2023 Supp. 60-1507(f)(1)(A). A court may only consider a K.S.A. 60-1507 motion filed outside the one-year period if the movant shows that consideration is necessary "to prevent a manifest injustice." K.S.A. 2023 Supp. 60-1507(f)(2). This exception is a narrow one. K.S.A. 2023 Supp. 60-1507(f)(2)(A) limits the scope of "manifest injustice" to two considerations—whether the movant has explained why they "failed to file the motion within the one-year time limitation" and whether the person "makes a colorable claim of actual innocence." If the movant has not shown that dismissal will result in manifest injustice under either of these considerations, the court must dismiss the untimely motion. K.S.A. 2023 Supp. 60-1507(f)(3).

And even when a motion is not barred by K.S.A. 60-1507(f), Kansas law does not require courts to consider "second or successive motion[s] for similar relief" filed by the same movant. K.S.A. 2023 Supp. 60-1507(c). The direction of these two provisions, considered together, is clear: A person seeking relief under K.S.A. 60-1507 must bring all possible claims to the district court's attention in one motion, filed as soon as possible after a person has been convicted or is alerted to the existence of evidence that calls their convictions into question.

The district court found that Taylor's current motion was both untimely and successive. While Taylor denoted this motion a "Petition for Actual Innocence," the

4

substance of that motion and the relief he requests are governed by K.S.A. 60-1507. See *State v. Kingsley*, 299 Kan. 896, 899-900, 326 P.3d 1083 (2014) (holding K.S.A. 60-1507 is the exclusive remedy for a prisoner to collaterally attack a conviction and sentence). When a K.S.A. 60-1507 motion has been dismissed without an evidentiary hearing—as the district court did here—an appellate court is in the same position as the district court in evaluating the written record. Our review of the district court's ruling is thus unlimited. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

Taylor acknowledges that his current motion was not filed within the one-year time frame required by K.S.A. 60-1507. He filed that motion in 2023—roughly a decade after the final decision affirming his convictions in his direct appeal and more than three years after the denial of his first K.S.A. 60-1507 motion was affirmed by this court. Taylor thus has the burden to show that consideration of his untimely motion is warranted to avoid manifest injustice under one of the two avenues the legislature has recognized. See *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). Thus, he must provide a compelling explanation for his delay in filing the motion, or he must present a colorable claim of actual innocence based on new evidence. K.S.A. 2023 Supp. 60-1507(f)(2)(A).

Taylor asserts that consideration of his motion is warranted because he has presented a colorable claim of actual innocence—based on the excerpt from the article that he attached to his motion. This argument is not compelling for at least two reasons.

*First*, the article is not "new." To warrant filing a motion outside the time frame in K.S.A. 60-1507, a movant must show that "it is more likely than not that no reasonable juror would have convicted the prisoner *in light of new evidence*." (Emphasis added.) K.S.A. 2023 Supp. 60-1507(f)(2)(A). As we have indicated, Taylor's motion attached two pages from an article published in 2013. He offers no explanation for why that article, which was 10 years old when he filed the motion, is "new" within meaning of K.S.A. 60-1507. Indeed, that article predated his *first* K.S.A. 60-1507 motion.

*Second*, the article alone does not provide relevant "evidence" that undermines his convictions. While the excerpts from the article Taylor attaches reference a scientific study, those pages have no evidentiary tie to Taylor's case other than that they generally deal with DNA analysis. See K.S.A. 60-401(b) (defining relevant evidence as being probative of a material fact in the case). Taylor does not identify any expert witness who would testify regarding the DNA in the saliva involved in this case or opine regarding the tenability of Taylor's explanation as to why his saliva was found in M.O.'s bra. He merely speculates that, given the existence of this article, such an expert exists. This speculation is not new evidence within the meaning of K.S.A. 2023 Supp. 60-1507(f)(2) that warrants consideration of a motion submitted outside the statutory time frame. The district court correctly dismissed the motion as untimely under K.S.A. 2023 Supp. 60-1507(f)(3).

Indeed, in finding that Taylor's current motion was successive to his previously asserted claims, the district court noted that he had asserted a speculative argument that was nearly identical to the argument regarding DNA in his first K.S.A. 60-1507 motion. In that motion, Taylor claimed his trial result would have been different if his counsel would have hired a DNA expert. This court noted that Taylor had an evidentiary hearing on this issue and that he did not present any DNA expert to testify at that hearing. As such, any claim that his defense counsel could have retained a DNA expert to challenge the State's evidence was mere speculation. 2019 WL 638282, at *5.

Returning to the current motion, Taylor asserts that these excerpted pages from the 2013 article provide the expert perspective he was previously lacking. But these pages, in isolation, do not provide an expert opinion that makes the connection that Taylor seeks. Once again, Taylor offers no evidence that could affect the outcome of his case; he merely speculates as to what he thinks an expert would say. The district court did not err when it found that Taylor's present motion was successive in that it sought to repackage and build upon an argument previously presented and found wanting.

6

In sum, Taylor has not presented any new evidence that would warrant consideration of his untimely K.S.A. 60-1507 motion or offered any other explanation for why that motion may be reviewed. And the current motion merely attempts to repackage and reargue the contention from a previous K.S.A. 60-1507 motion without providing any evidentiary support that would undermine his convictions. The district court correctly dismissed Taylor's motion as untimely and successive.

Taylor has filed a supplemental brief raising several additional claims about actions taken during his trial. But because the district court properly dismissed the motion that is the foundation of this appeal, we do not consider these additional claims.

We affirm the district court's judgment.

Affirmed.