NOT DESIGNATED FOR PUBLICATION

No. 128,527

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDWARD L. ATKINSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Submitted without oral argument. Opinion filed June 26, 2026. Affirmed.

*Paul E. Dean*, of Putnam & Dean LLC, of Emporia, for appellant.

*Amy L. Aranda*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before WARNER, C.J., ATCHESON and CLINE, JJ.


PER CURIAM: Edward Atkinson appeals the district court's summary dismissal of his most recent K.S.A. 60-1507 motion. After reviewing the record and the parties' arguments, we find the district court did not err when it dismissed Atkinson's petition: The motion was filed well outside the applicable one-year timeframe for postconviction relief defined in K.S.A. 60-1507(f), and he has not provided an explanation for his delay that would otherwise warrant review. We thus affirm the district court's judgment.

In 2012, the State charged Atkinson with six sex crimes. Relevant here, the complaint charged Atkinson with aggravated indecent liberties with a child, alleging that

1

he engaged in "lewd fondling or touching" of the victim "to arouse or to satisfy the sexual desires of the victim, the defendant or both" in violation of "K.S.A. 2011 Supp. 21-5506(b)(2)(B)." The State later amended the complaint to revise the date range of the offenses. But the language describing the offense and statute remained the same.

The case proceeded to trial, where the court instructed the jury on the elements of aggravated indecent liberties with a child. The jury found Atkinson guilty of one count of rape, two counts of attempted rape, two counts of aggravated criminal sodomy, one count of aggravated indecent liberties with a child, and four counts of contributing to the misconduct of a child. Atkinson appealed, resulting in the reversal of one of his attempted rape convictions on multiplicity grounds. See *Atkinson v. State*, No. 115,677, 2017 WL 2210644, at *1 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 986 (2018).

*Atkinson files his first K.S.A. 60-1507 motion in 2014.*

In 2014, Atkinson moved for postconviction relief under K.S.A. 60-1507, arguing that his trial attorney's representation was constitutionally deficient in several ways and challenging other aspects of his trial and appeal. The district court conducted an evidentiary hearing on the motion but ultimately denied Atkinson's request for relief—a decision this court affirmed on appeal. See 2017 WL 2210644, at *2.

When Atkinson was unsuccessful on appeal, he sought leave from the district court to amend his original motion to add additional claims. The court denied Atkinson's request. Atkinson initially appealed this decision but dismissed his appeal in 2021.

*Atkinson files this current K.S.A. 60-1507 motion in 2024.*

In 2024, about three years after abandoning his post-appeal efforts to revive his earlier K.S.A. 60-1507 motion, Atkinson filed a second motion under K.S.A. 60-1507—the subject of this appeal. In this motion, he argued that the case against him was defective from the start because the State listed the wrong statutory subsection in its complaint and amended complaint. (K.S.A. 21-5506[b][2], which the complaint and amended complaint both cited, defines indecent *solicitation* of a child, while K.S.A. 21-5506[b][1] defines indecent *liberties* with a child.) Atkinson's motion also asserted that attorneys at trial and during his direct appeal provided ineffective assistance of counsel by not challenging the charging document during their representation.

The district court summarily dismissed Atkinson's motion, finding it was filed outside the one-year window for postconviction relief defined by K.S.A. 60-1507(f)(1). The court noted that Atkinson had not explained why he could not have presented the issues he now raised in his original K.S.A. 60-1507 motion in 2014. Atkinson appeals.

Kansas law provides an avenue for people who are incarcerated to collaterally challenge their convictions through K.S.A. 60-1507. Yet the statute also places limitations on the filing of these motions to avoid abuse of this remedy. *Manco v. State*, 51 Kan. App. 2d 733, 741, 354 P.3d 551 (2015), *rev. denied* 304 Kan. 1017 (2016).

For example, K.S.A. 60-1507(f)(1)(A) requires a person to seek relief under that statute within one year after the conclusion of their direct appeal. A court may only consider a K.S.A. 60-1507 motion filed outside this one-year statutory period if the movant can show that consideration is necessary "to prevent a manifest injustice." K.S.A. 60-1507(f)(2). This exception is a narrow one. K.S.A. 60-1507(f)(2)(A) limits the scope of "manifest injustice" to two considerations—whether the movant has explained why they "failed to file the motion within the one-year time limitation" and whether the person

3

"makes a colorable claim of actual innocence." If the movant does not show that dismissal will result in manifest injustice under either of these provisions, the court must dismiss the untimely motion. K.S.A. 60-1507(f)(3).

When a K.S.A. 60-1507 motion has been dismissed without an evidentiary hearing—as is the case here—we are in the same position as the district court to evaluate the written record. Our review of the district court's ruling is thus unlimited. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

Atkinson acknowledges that his most recent K.S.A. 60-1507 motion, which was filed more than a decade after this court affirmed his convictions, was filed outside the one-year timeframe in K.S.A. 60-1507(f)(1). Nor does he provide an explanation for why the arguments in his current motion could not have been raised in his first K.S.A. 60-1507 motion, which was filed within that statutory period. Instead, he points out that the issues he raises concern the courts' jurisdiction to convict him for aggravated indecent liberties with a child, and he argues that jurisdictional challenges can be raised at any time. We do not find this argument persuasive for at least two reasons.

*First*, Atkinson's claim that the complaints' citations to the incorrect statutory section divested the court of subject-matter jurisdiction over his criminal case is utterly without merit. Although Atkinson describes his argument as involving the courts' jurisdiction over his original case, the challenge he raises is really an issue of procedural due process—whether the charging documents provided adequate notice of the crimes with which he was being charged. Subject-matter jurisdiction over criminal cases is conferred upon Kansas courts by the Kansas Constitution. *State v. Dunn*, 304 Kan. 773, 810-11, 375 P.3d 332 (2016). A charging document fails on jurisdictional grounds only when it does not establish a crime within a court's territorial jurisdiction or fails to state a crime. 304 Kan. at 818. When a charging document's defect raises questions of notice and

4

due process, it does not implicate subject-matter jurisdiction and thus can be waived under K.S.A. 22-3208(3). 304 Kan. at 818.

Here, there can be little question that although the complaint and amended complaint cited to the incorrect statutory section, they nevertheless informed Atkinson that he was charged with "aggravated indecent liberties with a child." But K.S.A. 22-3201(b) directs that errors in a complaint's statutory citations "shall be not ground[s] for dismissal of the complaint . . . or for reversal of a conviction if the error or omission did not prejudice the defendant." The charging documents included this description and alleged facts concerning the elements of that offense—that Atkinson engaged in "lewd fondling or touching" of the victim, who was under 16, "to arouse or to satisfy the sexual desires of the victim, the defendant or both." Atkinson does not assert that he did not know what crime he was charged of or the conduct that gave rise to that charge; instead, he merely seeks to exploit a technical defect in the complaints.

*Second*, even if Atkinson's claim did involve jurisdiction—which it does not— there still must be a procedural mechanism for presenting the jurisdictional question to the court. See *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013) (movant could not use K.S.A. 60-1507 motion to present subject matter jurisdiction argument for first time when he was procedurally barred from bringing his K.S.A. 60-1507 motion). A K.S.A. 60-1507 motion is the mechanism for relief from the judgment of conviction, and that mechanism is unavailable to Atkinson, absent a convincing explanation for why this claim was not raised within the one-year period in K.S.A. 60-1507(f)(1).

In sum, Atkinson's most recent K.S.A. 60-1507 motion was filed well outside the statutory timeframe for seeking postconviction relief, and he has not shown that manifest injustice would result absent the consideration of his untimely request. We affirm the district court's summary dismissal of his motion.

Affirmed.