NOT DESIGNATED FOR PUBLICATION

No. 123,673

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONALD HAYGOOD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed November 12, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., WARNER and ISHERWOOD, JJ.

PER CURIAM: The prison mailbox rule dictates we use the certificate of service to determine whether a K.S.A. 60-1507 motion is timely filed. Donald Haygood now appeals from the district court's summary dismissal of his K.S.A. 60-1507 motion as untimely and on the merits. Haygood specifically argues the district court erred in finding his motion untimely. He also asserts the district court erred in summarily denying his claim of ineffective assistance of trial counsel for failing to request a voluntary manslaughter jury instruction as a killing upon a sudden quarrel or in the heat of passion. We agree the district court erred in summarily dismissing Haygood's motion as untimely

1

but, for reasons discussed below, we find the error was harmless. We also find Haygood's other claims fail as a matter of law. Therefore, we affirm.

FACTS

In August 2015, a jury convicted Donald Haygood of first-degree premeditated murder of Demetria Mills and criminal possession of a firearm by a convicted felon for acts committed in September 2011. The district court sentenced Haygood to imprisonment for life with no eligibility for parole prior to serving 25 years for his first-degree murder conviction. The district court also imposed a consecutive sentence of 12 months' imprisonment for criminal possession of a firearm. Haygood's convictions and sentences were affirmed by our Supreme Court in *State v. Haygood*, 308 Kan. 1387, 430 P.3d 11 (2018). The mandate was issued on December 20, 2018.

In April 2020, Haygood filed a pro se "Memorandum of law in support of Petitioner's K.S.A. 60-1507 motion." In his motion, Haygood asserted, among many other things, his trial counsel was ineffective for failing to request an instruction on voluntary manslaughter for an intentional killing committed upon a sudden quarrel or in the heat of passion. Haygood signed his motion and had it notarized on November 18, 2019. The certificate of service was also dated November 18, 2019. The notary signed the last page of the motion as well as the certificate of service page. Along with Haygood's 60-1507 motion, Haygood submitted a poverty affidavit to the district court, signed and notarized in March 2020, and filed it with the district court in April 2020. The record contains an inmate account statement from the Kansas Department of Corrections dated in November 2019.

The State responded Haygood's motion was untimely because our Supreme Court issued a mandate on December 20, 2018, and Haygood's motion was not filed until April

2

2020, with no assertion of manifest injustice. The State also challenged Haygood's motion on the merits, explaining:

> "All of Haygood's claims of error are conclusory, unsupported by law, or contradicted conclusively by the record. In none of them does he establish prejudice required by the second prong of *Strickland*. There is no issue which needs to be resolved with an evidentiary hearing. This Court should summarily deny his [motion]."

The State addressed each of Haygood's 10 enumerated claims but did not specifically address the issue of alleged ineffective assistance of counsel for failure to request a voluntary manslaughter instruction under a heat of passion or sudden quarrel theory. Though the issue was not as clearly enumerated as many of Haygood's other allegations were, we interpret this allegation as one claiming his counsel was ineffective when he failed to request an instruction on voluntary manslaughter on the sudden quarrel or heat of passion theory. Haygood's exact claim is unclear but appears to be a mixed allegation about the sufficiency of the evidence and ineffective assistance of counsel. Haygood specifically alleged, in relevant part:

> "Issue 10: Sufficiency of the Evidence
> "Mr. Haygood claims that there was insufficient evidence to convict him of first-degree murder because [the] State failed to prove motive that he had engaged in a premeditated act and states a 'mere argument' was not sufficient to show motive to kill the victim. . . .
> "Here, Haygood claims that while he and the victim argued, 'mere evidence of an altercation does not alone support a finding of sufficient provocation—mere words or gestures, however insulting, abusive, opprobrious, or indecent, do not constitute adequate provocation.['] See *State v. Gooding*, 50 Kan. App. 2d 964, 335 [P].3d 698 (2014). 'Even when considered in a light most favorable to the State, the evidence presented concerning Haygood's argument with the victim failed to establish provocation or motive sufficient to support a conviction of premeditated first-degree murder.

3

"The State's witness gave testimony it was a heated conversation . . . so, trial counsel was deficient in failing to [request] an instruction on voluntary manslaughter which is defined as the intentional killing of a human being committed upon a sudden quarrel or in the heat of passion. Thus, this court must conclude that there was insufficient evidence of a premeditated act to uphold Haygood's conviction of first-degree murder."

In September 2020, the district court summarily dismissed Haygood's K.S.A. 60-1507 motion as untimely and on the merits. The district court found his convictions and sentences were affirmed by our Supreme Court on November 21, 2018, with the mandate issued on December 20, 2018, and Haygood's motion was not filed until April 2020 and failed to argue manifest injustice or actual innocence necessary to permit an untimely filing. See K.S.A. 2020 Supp. 60-1507(f)(1)(A) and (f)(2)(A).

The district court noted a K.S.A. 60-1507 motion may not be used as a substitute for a direct appeal. While noting Haygood failed to cite to the record and failed to provide a factual basis supporting his allegations, the district court still addressed the merits of Haygood's seven claims of ineffective assistance of counsel. Just as the State did in its response to Haygood's motion, the district court only addressed the claims specifically enumerated in Haygood's motion. Though the issue on appeal does not arise from one of Haygood's enumerated claims, he also asserted—albeit intertwined with a sufficiency of the evidence claim—his trial counsel was ineffective for failing to request an instruction on voluntary manslaughter under the theory of a sudden quarrel or heat of passion. The district court denied Haygood's motion as untimely and on the merits.

In February 2021, Haygood filed a notice of appeal, though incorrectly titled "Motion to Docket Appeal Out of Time," explaining his intent to appeal the district court's denial of his 60-1507 motion. Deadlines were suspended in March 2020 under Kansas Supreme Court Administrative Order 2020-PR-016, effective March 18, 2020,

4

and resumed in March 2021 under Kansas Supreme Court Administrative Order 2021-PR-009, effective January 26, 2021, rendering Haygood's notice of appeal timely.

ANALYSIS

I.    HAYGOOD'S K.S.A. 60-1507 MOTION WAS TIMELY FILED.

Haygood argues his K.S.A. 60-1507 motion was timely filed under the prison mailbox rule. The State contends the district court correctly denied Haygood's motion as untimely and for failure to show manifest injustice.

The State admits our caselaw supports Haygood's position on the prison mailbox rule but argues the district court file-stamped Haygood's motion on the same date as his poverty affidavit—April 15, 2020—suggesting the documents were sent at the same time. The State explains the certificate of service attached to Haygood's motion was dated November 18, 2019—within the one-year deadline to file a 60-1507 motion—but his poverty affidavit was signed and notarized in March 2020, which was beyond the one-year deadline. The State, without evidentiary support, claims because the district court file-stamped Haygood's motion and poverty affidavit on the same date, Haygood must have given the documents to prison authorities for mailing at the same time and the documents had to have been sent at the same time after the poverty affidavit was signed in March 2020.

In his reply brief, Haygood correctly notes the State made a different argument to the district court. Before the district court, the State simply claimed Haygood's motion was untimely because it was filed in April 2020. We decline to further address the State's argument as to the correct filing date. Its position on appeal differs from its arguments before the district court; therefore, a factual record was not developed on this point. Our role is to decide questions of law, not to make factual findings or resolve conflicting

5

evidence. *In re Adoption of C.L.*, 308 Kan. 1268, 1279, 427 P.3d 951 (2018). The record before us reflects a notarized motion and certificate of service dated November 18, 2019. Thus, the salient question on appeal is whether, based upon that date, Haygood's motion was timely filed under the prison mailbox rule.

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

A defendant has one year from when a direct appeal becomes final to file a motion under K.S.A. 2020 Supp. 60-1507(a). K.S.A. 2020 Supp. 60-1507(f)(1); *White*, 308 Kan. at 492. Here, the mandate from Haygood's direct appeal was issued on December 20, 2018. Thus, Haygood had until December 20, 2019, to timely file his K.S.A. 60-1507 motion.

The prison mailbox rule "deems a prisoner's pro se documents 'filed' when he or she submits them to prison authorities for mailing." *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015). In *Rowell v. State*, 60 Kan. App. 2d 235, 242, 490 P.3d 78 (2021),

6

another panel of our court found the date on the certificate of service as the date a 60-1507 motion was filed under the prison mailbox rule.

Under the prison mailbox rule, Haygood's motion was considered filed when he submitted it to prison authorities. Following *Wahl* and *Rowell*, we find the date Haygood's motion should be considered filed is the date he submitted his motion to prison authorities as shown on the certificate of service—November 18, 2019. Therefore, Haygood's motion was filed within one year from the date his convictions and sentences became final. The district court erred in dismissing Haygood's motion as untimely. However, the error was harmless because the district court considered the merits of his motion, as discussed below.

II.     THE DISTRICT COURT PROPERLY DISMISSED HAYGOOD'S K.S.A. 60-1507 MOTION.

Haygood argues the district court addressed only the enumerated claims in his K.S.A. 60-1507 motion but failed to address one specific claim of ineffective assistance of trial counsel, which is the subject of this appeal. Specifically, Haygood argues his trial counsel was ineffective for failing to request a voluntary manslaughter jury instruction as a killing upon a sudden quarrel or in the heat of passion. Haygood also asserts the district court should have appointed him counsel and held a preliminary hearing on his motion.

The State argues trial counsel did not render ineffective assistance of counsel as there was no legally sufficient provocation to warrant a jury instruction on voluntary manslaughter heat of passion or sudden quarrel. At trial, the district court instructed the jury on voluntary manslaughter under the imperfect self-defense theory.

The movant bears the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing by making more than conclusory contentions and stating an evidentiary basis in support of the claims. *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d

298 (2007). In deciding whether an evidentiary hearing must be held, the district court generally must accept the factual allegations set out in the motion as true. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). But the factual allegations must be specific, not mere conclusions. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018).

The district court was required to construe Haygood's pro se pleadings liberally. See *State v. Ditges*, 306 Kan. 454, 457, 394 P.3d 859 (2017) ("'Judges must liberally construe a pro se pleading to "giv[e] effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments."'"). While Haygood clearly listed 10 claims in his motion, 7 of which were claims of ineffective assistance of counsel, he stated at the end of his motion:

> "The State's witness gave testimony it was a heated conversation . . . so, *trial counsel was deficient in failing to [request] an instruction on voluntary manslaughter which is defined as the intentional killing of a human being committed upon a sudden quarrel or in the heat of passion*. Thus, [the district] court must conclude that there was insufficient evidence of a premeditated act to uphold Haygood's conviction of first-degree murder." (Emphasis added.)

Haygood's motion seems to assert both ineffective assistance of trial counsel and sufficiency of the evidence arguments. A liberal interpretation of the motion shows Haygood claimed ineffective assistance of trial counsel for failure to request a jury instruction on voluntary manslaughter committed in the heat of passion or upon sudden quarrel. Though the factual allegations lack specificity, Haygood asserted there was trial testimony about a heated conversation. Construing Haygood's motion liberally, the district court should have addressed his claim of ineffective assistance of trial counsel for failure to request a jury instruction on voluntary manslaughter under the heat of passion or upon sudden quarrel theory. However, as discussed below, any error was harmless because this claim is procedurally barred.

8

*Issue for direct appeal*

Haygood was essentially alleging a hybrid claim of ineffective assistance of counsel and sufficiency of the evidence. Haygood suggested the State failed to provide sufficient evidence to convict him of first-degree premeditated murder due to a lack of premeditation or motive and that his counsel was ineffective for failing to request an instruction on voluntary manslaughter based on a sudden quarrel or heat of passion.

There are limits to the types of claims a movant can raise in a K.S.A. 60-1507 motion. See *Manco v. State*, 51 Kan. App. 2d 733, 741, 354 P.3d 551 (2015) ("[T]he legislature provided movants with the right to file [a K.S.A. 60-1507 motion], but it placed reasonable limits on that right to avoid the abuse of remedy."). Ordinarily, a K.S.A. 60-1507 motion cannot be used as a substitute for a second appeal involving mere trial errors. See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011) ("[O]ur general rule requires a defendant to raise all available issues on direct appeal."); Supreme Court Rule 183(c)(3) (2021 Kan. S. Ct. R. 239) ("Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal.").

To the extent Haywood is challenging the sufficiency of the evidence supporting his convictions or the soundness of the jury instructions, he should have alleged those claims in his direct appeal. In fact, on direct appeal, Haygood argued the district court erred in denying his request for jury instructions on the affirmative defense of self-defense and on the lesser included offense of involuntary manslaughter. Haygood should have raised his additional concern on direct appeal regarding the lack of a jury instruction on voluntary manslaughter based on a sudden quarrel or heat of passion. Haygood fails to provide exceptional circumstances excusing his failure to raise mere trial errors on direct appeal, and we find he is procedurally barred from raising the claim now.

9

*Ineffective assistance of counsel*

Even if we were to construe Haygood's jury instruction challenge as a claim for ineffective assistance of counsel, his claim is not persuasive. A district court must set aside a movant's conviction if "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2020 Supp. 60-1507(b). The right to *effective* counsel is embodied in the Sixth Amendment to the United States Constitution and "plays a crucial role in the adversarial system." *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]); see *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting *Strickland*). Ineffective assistance of counsel can be categorized into three subgroups, one of which is a claim that defense counsel's "performance was so deficient that the defendant was denied a fair trial." *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014). That is, "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

> "To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984])." *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689.

Haygood claimed in his 60-1507 motion his trial counsel's performance was deficient for failing to request a jury instruction on voluntary manslaughter arising out of

the heat of passion or sudden quarrel. Haygood supports his claim on appeal, explaining "there was a considerable amount of eyewitness testimony . . . that the shooting occurred in the heat of an argument between Haygood and Mills, each telling the other to leave the house, with the triggering event just before the shooting being Mills' 911 telephone call, whether real or feigned."

K.S.A. 2011 Supp. 21-5404(a)(1)—the applicable statute at the time of the offense—defines voluntary manslaughter as knowingly killing a human being in the heat of passion or upon a sudden quarrel. To reduce a murder charge to the lesser included offense of voluntary manslaughter, there must be adequate provocation causing an ordinary person to objectively lose control of his or her actions and reason. *Gooding*, 50 Kan. App. 2d at 971. Mere evidence of an altercation, however, is insufficient to establish objective provocation. *State v. Mitchell*, 269 Kan. 349, 353, 7 P.3d 1135 (2000).

"'A sudden quarrel can be one form of heat of passion. "[A]n unforeseen angry altercation, dispute, taunt, or accusation could fall within th[e] definition [of heat of passion] as sufficient provocation."' [Citations omitted]." *State v. Bernhardt*, 304 Kan. 460, 476, 372 P.3d 1161 (2016). In *Bernhardt*, our Supreme Court explained an argument between the defendant and victim was insufficient to qualify as provocation for a voluntary manslaughter instruction because mere words or gestures do not constitute legally sufficient provocation and the type of argument between the two was not unusual, negating the "sudden" aspect of a quarrel. 304 Kan. at 477. Interestingly, Haygood acknowledged in his motion mere words or gestures do not constitute adequate provocation. Haygood stated in his motion: "[T]he State's witnesses gave testimony about a heated conversation." It appears Haygood was trying to argue there was a lack of provocation or motive to support a conviction of first-degree premeditated murder, but, while doing so, he correctly identifies the fact his dispute with Mills was insufficient to qualify as provocation for a voluntary manslaughter instruction.

11

At trial, two witnesses testified Haygood and Mills began arguing shortly after returning home from the bars on the night of the incident. The argument was "heated" but never escalated to a point in which the parties were yelling at each other. The two witnesses gave corroborating testimony that Haygood and Mills were arguing, and Mills tried calling the police when Haygood briefly left the room. Haygood then returned and shot Mills.

Haygood told a different story. According to Haygood, Mills told him to leave the house; he refused. Mills then retrieved a knife from the kitchen sink and threatened Haygood, saying, "I'm gonna show you." Haygood alleged Mills rushed him with the knife in her hand and he pulled a gun from his pocket and shot one time. Haygood claimed he never heard Mills threaten to call the police. The two witnesses at his trial testified they never saw Mills try to stab Haygood with a knife.

Haygood's trial counsel made a voluntary manslaughter argument at trial under the alternative theory of imperfect self-defense because of the trial evidence reflecting Mills rushed Haygood with a knife when Haygood shot Mills. Haygood now argues his trial counsel was ineffective for not raising an additional, or alternative, voluntary manslaughter argument as the result of a sudden quarrel or heat of passion. Haygood's argument that Mills reasonably provoked him by calling, or threatening to call, 911 fails as a matter of law because mere words or gestures do not constitute reasonable provocation. See *Bernhardt*, 304 Kan. at 477. Moreover, Haygood's assertion on appeal is at odds with his trial testimony wherein he claimed he did not hear Mills call 911. Haygood's trial counsel could not have been ineffective for failing to request an instruction that was factually inappropriate given Haygood's trial testimony. See *State v. Dupree*, 304 Kan. 377, 397, 373 P.3d 811 (2016) (jury instruction applicable to particular theory of defense must be factually appropriate).

A jury instruction on voluntary manslaughter based on a sudden quarrel or heat of passion was not factually appropriate because the argument between Haygood and Mills was insufficient to establish objective provocation. Trial counsel's performance was not so deficient the defendant was denied a fair trial due to counsel's failure to request a jury instruction that was not appropriate. Not only was trial counsel's performance not deficient under the totality of the circumstances, Haygood was not prejudiced by his trial counsel's performance. See *Salary*, 309 Kan. at 483. Haygood has failed to meet his burden to establish his trial counsel's representation fell below an objective standard of reasonableness or that the district court erred by not conducting a preliminary hearing with appointed counsel.

Affirmed.